THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ALAN M. HOGAN, Defendant-Appellant.

Third District  No. 3—88—0597

Opinion filed July 17, 1989.

James E. Swanson, of Peoria, for appellant.

Erik I. Blanc, State's Attorney, of Pekin (Walter P. Hehner, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Alan M. Hogan, filed a motion to dismiss a driving under the influence of alcohol (DUI) charge against him, contending that it was barred by his prior conviction for possession of cannabis. The trial court denied his motion. He appeals. We affirm.

The record shows that on May 14, 1988, the defendant was arrested for driving while under the influence of alcohol and for possession of cannabis. The arresting officer charged the defendant with the two offenses by means of a traffic ticket on the DUI charge and a notice to appear on the cannabis charge, citing, respectively, the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)) and a City of East Peoria ordinance. The charges were assigned to different courts, apparently by the clerk of the court.

The defendant subsequently pled guilty to the cannabis charge and was sentenced to pay a $75 fine plus court costs. He then filed a motion to dismiss the DUI charge. In his motion, he argued that his act of driving was the basis for both charges and that the principles of double jeopardy precluded successive prosecutions for the same act. At the hearing on his motion, he also argued that sections 3—3(b) and 3—4(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, pars. 3—3(b), 3—4(b)) required that both charges be handled in a single prosecution.

The trial court denied the defendant's motion. Pursuant to Supreme Court Rule 604(f) (107 Ill. 2d R. 604(f)), the defendant brought the instant interlocutory appeal. Advancing arguments similar to those he made before the trial court, he contends that the court erred in denying his motion.

■ Regarding the double jeopardy argument, we note that the test for determining whether two offenses constitute the "same offense" for double jeopardy purposes is whether each provision requires proof of a fact which the other does not. (*People v. Totten* (1987), 118 Ill. 2d 124, 514 N.E.2d 959.) A substantial overlap in the proof introduced at different prosecutions is irrelevant for double jeopardy purposes as long as the offenses charged are distinct. *People v. Mueller* (1985), 109 Ill. 2d 378, 488 N.E.2d 523.

■ We find the defendant's double jeopardy argument meritless. On the cannabis charge, the prosecution was required to prove that the defendant possessed cannabis. On the DUI charge, it will be required to prove that he was under the influence of alcohol. Neither of these facts is an element of the other offense. Accordingly, double jeopardy principles do not apply and the trial court correctly rejected the defendant's argument.

■ We also find unpersuasive the defendant's contention that sections 3—3(b) and 3—4(b) of the Criminal Code (Ill. Rev. Stat. 1987, ch. 38, pars. 3—3(b), 3—4(b)) would be violated by successive prosecutions. The compulsory joinder provisions of sections 3—3 and 3—4 do not apply to offenses charged by uniform citation and complaint forms "intended to be used by a police officer in making a charge for traffic offenses and certain misdemeanors and petty offenses." (*People v. Jackson* (1987), 118 Ill. 2d 179, 192, 514 N.E.2d 983, 989.) Further, sections 3—3(b) and 3—4(b) do not apply when ordinance violations are involved. *People v. Crabtree* (1980), 82 Ill. App. 3d 87, 402 N.E.2d 417.

■ The instant defendant was charged by means of uniform citation and complaint forms, and one of the two charges was an ordinance violation. Accordingly, sections 3—3 and 3—4 did not apply and he could be separately prosecuted for each offense. The trial court therefore correctly rejected this argument and denied the defendant's motion to dismiss.

The judgment of the circuit court of Tazewell County is affirmed. The cause is remanded for further proceedings on the pending DUI charge.

Affirmed and remanded.

WOMBACHER, P.J., and HEIPLE, J., concur.