THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
DAWN HOSKINSON, Defendant-Appellee.

First District (4th Division)  No. 1—89—0175

Opinion filed June 29, 1990.—Rehearing denied July 19, 1990.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Gael O'Brien, and Adam Grosch, Assistant State's Attorneys, of counsel), for the People.

William J. Haddad, of Chicago, for appellee.

JUSTICE LINN delivered the opinion of the court:

This is an appeal by the State of the circuit court's order dismissing the five-count indictment against Dawn Hoskinson on double jeopardy grounds. The State contends that the trial court erred in finding that a prosecution of defendant for aggravated battery constituted the same offense as the failure to obey a police officer for which defendant was previously convicted. The State argues that the court relied on the "same evidence" test which our supreme court rejected

in *People v. Mueller* (1985), 109 Ill. 2d 378, 488 N.E.2d 523.

On April 8, 1988, at about 5 p.m., Chicago police officer Lameka was directing traffic at the intersection of Michigan Avenue and Ohio Street. Officer Lameka raised his hand to signal southbound drivers to stop. However, defendant, who was travelling southbound, proceeded through the intersection, became enmeshed in traffic and momentarily was unable to proceed. Officer Lameka radioed for assistance as he approached her car. Officer Cagney responded to the radio message, approached the window on the driver's side and asked defendant for her driver's license. Defendant refused and rolled up her window. Officer Lameka was standing at the front of defendant's vehicle, and he had started to write down her license plate number when defendant drove forward. Her vehicle hit officer Lameka and knocked him onto the trunk of the car in front of defendant's vehicle. When Officer Cagney again instructed defendant to produce her license, she failed to do so and she continued driving. At this point Officer Lameka was struck by the mirror on the driver's side of the vehicle and knocked to the ground, injuring his knees and shins. Meanwhile, Officer Cagney, who attempted to open the driver's side door of defendant's car, was dragged about five feet before he fell, breaking his wrist.

On June 20, 1988, defendant was found guilty of violating the municipal ordinance of failure to obey a peace officer. Subsequently, defendant filed a petition to dismiss the aggravated battery charges which was granted by the trial court on double jeopardy grounds.

■ The fifth amendment to the United States Constitution provides that, "No person shall *** be subject for the same offence to be twice put in jeopardy of life or limb ***." (U.S. Const., amend. V.) Article I, section 10, of the Illinois Constitution provides that, "No person shall *** be twice put in jeopardy for the same offense." (Ill. Const. 1970, art. I, §10.) The Supreme Court has consistently applied the test set forth in *Blockburger v. United States* (1932), 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180, to determine whether particular conduct constituted more than one offense. If so, the double jeopardy clause is not implicated. Under the traditional *Blockburger* test, a person is charged with more than one offense when each provision requires proof of an additional fact that the other does not. (*Blockburger v. United States*, 284 U.S. at 304, 76 L. Ed. at 309, 52 S. Ct. at 182.) This test thus focused on the statutory elements of each offense. See *Illinois v. Vitale* (1980), 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260.

Recently however, in *Grady v. Corbin* (1990), 495 U.S. ___, 109

L. Ed. 2d 548, 110 S. Ct. 2084, the Supreme Court determined that the *Blockburger* test, which was developed in the context of multiple punishments in a single prosecution, was inadequate to protect defendants from the burden of multiple trials. (*Grady v. Corbin*, 495 U.S. at ____, 109 L. Ed. 2d at 564, 110 S. Ct. at 2093.) The Supreme Court reaffirmed the principle set forth in *Brown v. Ohio* (1977), 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221, that the *Blockburger* test was not the only standard for determining whether successive prosecutions impermissibly involve the same offense. A successive prosecution is barred if the government, "to establish an essential element" in a subsequent prosecution, "will prove conduct that constitutes an offense for which the defendant has already been prosecuted." (*Grady v. Corbin*, 495 U.S. at ____, 109 L. Ed. 2d at 564, 110 S. Ct. at 2093.) Thus, while *Blockburger* was concerned solely with the statutory elements of the crime, in a case involving a successive prosecution "[t]he critical inquiry is what conduct the State will prove." *Grady v. Corbin*, 495 U.S. at ____, 109 L. Ed. 2d at 564, 110 S. Ct. at 2093.

In *Corbin*, for example, the defendant's auto struck oncoming vehicles on a highway killing one person and injuring another. Defendant was issued traffic tickets for driving while intoxicated and failing to keep to the right of the median. He pleaded guilty to the traffic tickets and was subsequently indicted for reckless manslaughter, criminally negligent homicide and third degree reckless assault. The State, in its pleadings, admitted that it would rely on the conduct for which Corbin had already been convicted, the traffic violations, to establish the essential elements of the homicide and assault charges. Accordingly, the Court determined that the double jeopardy clause barred the successive prosecution.

In the instant case, the State argues that because the elements of failure to obey a police officer and of aggravated battery are different, a subsequent prosecution would not subject defendant to a second prosecution for the same offense. Were it not for the Supreme Court's ruling in *Corbin*, we would decide this case in accordance with *People v. Jackson* (1987), 118 Ill. 2d 179, 514 N.E.2d 983. In *Jackson*, our supreme court held that while a driving under the influence (DUI) conviction was *prima facie* evidence of a reckless act, a DUI conviction does not establish an essential element of reckless homicide, and thus, the subsequent homicide charge was not barred on double jeopardy grounds. In light of *Corbin*, the validity of this portion of *Jackson* seems questionable.

In the present case, defendant argues that her conviction for failure to obey a police officer was an essential element of the aggra-

vated battery with which she is charged. In Illinois, a person commits aggravated battery when in committing a battery[1] she intentionally or knowingly causes great bodily harm or permanent disability. (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(a).) A person also commits aggravated battery when in committing a battery she either:

"(6) Knows the individual harmed to be a peace officer *** while such officer or employee is engaged in the execution of any of his official duties including arrest or attempted arrest;
***

(8) Is, or the person battered is, on or about a public way, public property or public place of accommodation or amusement." (Ill. Rev. Stat. 1987, ch. 38, pars. 12—4(b)(6), (b)(8).)

Defendant here was indicted on five counts of aggravated battery, two of which were based on a violation of section 12—4(b)(6) of the Criminal Code of 1961, which requires that defendant know the individual harmed is a peace officer, while the officer is engaged in his official duties. The successive prosecution of these two counts is barred by the double jeopardy clause where the State would have to prove the conduct of defendant that constituted the failure to obey an officer, of which she has already been convicted, in order to prove the essential elements of aggravated battery.

In the other three counts, based on section 12—4(a) (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(a)), and 12—4(b)(8) of the Criminal Code (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(8)), proof that defendant failed to avoid a police officer is not so inextricably tied to the offense as to bar a subsequent prosecution. Accordingly, we find that the counts of the indictment based on section 12—4(b)(6) of the Criminal Code (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(6)) were properly dismissed by the trial court. The dismissal of the remaining counts in the indictment was, however, improper.

■ Finally, defendant argues that she was entitled to a single prosecution under the compulsory joinder provisions of the Criminal Code. (Ill. Rev. Stat. 1987, ch. 38, pars. 3—3, 3—4.) We disagree. The compulsory joinder provisions of these sections do not apply to offenses that have been charged by the use of uniform citation and complaint forms used by police officers in charging traffic offenses. (*People v. Jackson* (1987), 118 Ill. 2d 179, 192, 514 N.E.2d 983.) Here,

---

[1] "A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." Ill. Rev. Stat. 1987, ch. 38, par. 12—3.

defendant was charged by uniform citation of an ordinance violation; hence, sections 3—3 and 3—4 of the Criminal Code do not apply. (See *People v. Hogan* (1989), 186 Ill. App. 3d 267, 542 N.E.2d 178.) Defendant's assertion that the State has waived this issue is without merit.

Accordingly, for the reasons stated above, that portion of the trial court's order dismissing the counts of the indictment based on section 12—4(b)(6) of the Criminal Code (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(6)) is affirmed. That portion of the order dismissing the remaining three counts of the indictment is reversed and the cause remanded.

Affirmed in part; reversed in part and cause remanded.

JOHNSON and JIGANTI, JJ., concur.