Docket No. 105632.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LARRY
VAN SCHOYCK, Appellant.

*Opinion filed February 20, 2009.*

JUSTICE FREEMAN delivered the judgment of the court, with
opinion.

Chief Justice Fitzgerald and Justices Kilbride, and Burke
concurred in the judgment and opinion.

Justice Garman dissented, with opinion, joined by Justices Thomas
and Karmeier.

## OPINION

Defendant, Larry J. Van Schoyck, was convicted of driving under
the influence of alcohol (625 ILCS 5/11–501(a)(1) (West 2004)) after
a bench trial in the circuit court of Champaign County. The appellate
court affirmed the conviction in an unpublished order (No.
04–07–0024 (unpublished order under Supreme Court Rule 23)). This
court allowed defendant leave to appeal (210 Ill. 2d R. 315), and we
now reverse the conviction.

Background

On November 13, 2004, at about 1:17 a.m., defendant received three uniform traffic citations from Champaign County Sheriff's Deputy J.P. Reifstock. Defendant was cited for driving under the influence (625 ILCS 5/11–501(a)(2) (West 2004)), driving with a blood-alcohol content of over 0.08[1] (625 ILCS 5/11–501(a)(1) (West 2004)), and driving on a revoked license (625 ILCS 5/6–303 (West 2004)). Defendant posted bond several hours later and was released from custody with a December 20, 2004, court date.

The record reveals that the tickets were filed in the circuit court of Champaign County on November 16, 2004, as case Number 04–DT–688. Defendant appeared in court on December 14, at which time his attorney filed an appearance. Defendant entered a plea of not guilty and demanded a speedy trial, along with a demand for a jury trial.[2] The court file sheet indicates that the next court date was set for January 31, 2005.

On January 24, 2005, the State sent defendant a form letter, on which it noted, "No offer pending felony review." On January 31, 2005, the State filed its appearance in the case and told the trial court that it would file the charge as a felony by the next court date. The court continued the case six times at the State's request. On each of those dates, the State informed the court that it was seeking to file felony charges against defendant.

On September 19, 2005, the State, over defendant's objection, dismissed the three citations and recharged defendant, in an information, with driving with a blood-alcohol content over 0.08, noting in the charge the existence of the sentence-enhancing factor (driving on a revoked license), which elevated the DUI offense to a felony.

On November 29, 2005, defendant filed a motion to dismiss, arguing that the State had not tried him within 160 days of his speedy-

---

[1] Defendant's Breathalyzer test showed his blood-alcohol content to be 0.197.

[2] The certificate of service indicates that the demands for a speedy trial and jury trial were mailed to the State's Attorney's office on that same date.

trial demand, which had been filed on December 14, 2004. The trial court denied the motion. The matter proceeded to trial where defendant was found guilty and then sentenced to six years of imprisonment.

The appellate court affirmed, holding that the trial court did not err in denying the motion to dismiss. Relying on *People v. Jackson*, 118 Ill. 2d 179 (1987), *overruled on other grounds by People v. Stefan*, 146 Ill. 2d 324 (1992), the appellate court concluded that defendant's written demand for a speedy trial, filed before the State had sought felony charges against him, had no effect on defendant's felony case because the charges were not required to have been joined under the rules of compulsory joinder. No. 04–07–0024 (unpublished order under Supreme Court Rule 23).

Analysis

The sole issue in this case is whether defendant's motion for dismissal, based on the speedy-trial provisions of section 103–5(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/103–5(b) (West 2004)), should have been granted.

The right to a speedy trial, guaranteed to a defendant under both the sixth amendment and the due process clause of the federal constitution (*Klopfer v. North Carolina*, 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988 (1967)), and by article I, section 8, of our state constitution (Ill. Const. 1970, art. I, §8), is fundamental. An additional statutory right can also be found in section 103–5 of the Code of Criminal Procedure, which specifies periods of time within which an accused must be brought to trial. See 725 ILCS 5/103–5 (West 2004). Section 103–5(b) mandates that every person on bail or recognizance "shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant." 725 ILCS 5/103–5(b) (West 2004). This court has held that the provisions of section 103–5 are to be liberally construed in favor of the defendant, and that the State cannot improperly manipulate criminal proceedings or purposefully evade the operation of the section's provisions. *People v. Woolsey*, 139 Ill. 2d 157, 169 (1990). In this case, whether defendant's rights under section

103–5(b) were contravened is a pure question of law, which this court reviews *de novo*. *Woolsey*, 139 Ill. 2d at 169.

The parties do not dispute that section 103–5 applies to those charged with DUI offenses, but disagree as to how many charges were involved in this case and to which of those charges defendant's December 14 speedy-trial demand applied. According to defendant, there is only "one charge involved, to-wit: driving under the influence of alcohol in violation of 625 ILCS 11/501(a)(1)." Defendant argues that the dismissal of the citation which alleged defendant drove with a blood-alcohol content over 0.08 and the refiling of that same charge in the information constituted a "continuation of the same case" to which his original speedy-trial demand should apply.

According to the State, however, there were four different charges in the case, three misdemeanors and one felony. The State maintains that defendant's speedy-trial demand pertained only to the misdemeanor charges and not to the subsequent felony charge.

To resolve the parties' contentions, this court must consider two specific statutory schemes: the provisions of the Illinois Code of Criminal Procedure which address how charges are to be brought in criminal prosecutions and section 11–501 of the Illinois Vehicle Code, which addresses the offense of driving under the influence (DUI).

*Section 11–501 of the Vehicle Code*

Section 11–501 of the Vehicle Code makes it a crime to drive under the influence of drugs or alcohol. 625 ILCS 5/11–501 (West 2004). Section 11–501(a) provides:

> "A person shall not drive or be in actual physical control of any vehicle within this State while:
>
> (1) the alcohol concentration in the person's blood or breath is 0.08 or more based on the definition of blood and breath units in Section 11–501.2;
>
> (2) under the influence of alcohol;
>
> (3) under the influence of any intoxicating compound or combination of intoxicating compounds to a degree that renders the person incapable of driving safely;

(4) under the influence of any other drug or combination of drugs to a degree that renders the person incapable of safely driving;

(5) under the combined influence of alcohol, other drug or drugs, or intoxicating compound or compounds to a degree that renders the person incapable of safely driving; or

(6) there is any amount of a drug, substance, or compound in the person's breath, blood, or urine resulting from the unlawful use or consumption of cannabis listed in the Cannabis Control Act, a controlled substance listed in the Illinois Controlled Substances Act, or intoxicating compound listed in the Use of Intoxicating Compounds Act." 625 ILCS 5/11–501(a) (West 2004).

The statute designates a violation of any of the above as a Class A misdemeanor. Subsection (c) of section 11–501 then provides a list of factors which enhance the misdemeanor to various different classes of felonies. 625 ILCS 5/11–501(c) (West 2004). At the time of defendant's arrest, subsection (c–1)(1) of section 11–501 provided that a violation of section 11–501(a)(1) while on a revoked license upgraded the offense to a Class 4 felony.

Under the plain language of the statute, there is only one offense of driving under the influence. *People v. Quigley*, 183 Ill. 2d 1, 11-12 (1998). Subsection (a) sets forth the elements for the offense and classifies the offense as a Class A misdemeanor. The enhancing factors in subsection (c) do not create a new offense, but rather serve only to enhance the punishment. *Quigley*, 183 Ill. 2d at 11. In *Quigley*, this court discussed the operation of section 11–501(d), stating:

"[A]ggravated DUI occurs when an individual commits some form of misdemeanor DUI, in violation of paragraph (a), and other circumstances are present. The legislature added aggravating factors that change the misdemeanor DUI to a Class 4 felony. The essential and underlying criminal act, however, remains the same: driving while under the influence." *Quigley*, 183 Ill. 2d at 10.

Section 11–501 therefore operates just as any other statute which initially sets forth the elements of the offense, and then, in a separate

section, provides sentencing classifications based on other factors. See *People v. Green*, 225 Ill. 2d 612 (2007) (robbery statute); *People v. Robinson*, No. 105206 (November 20, 2008) (involuntary manslaughter statute).

*Article 111 of the Code of Criminal Procedure*

Article 111 of the Code of Criminal Procedure governs how criminal offenses are to be charged. Section 111–1 sets forth three different methods of prosecution: complaint, indictment, and information. 725 ILCS 5/111–1 (West 2002). Section 111–2 provides that all felonies be prosecuted by either information or indictment. 725 ILCS 5/111–2(a) (West 2002). (West 2002). When a misdemeanor DUI is charged by way of uniform traffic ticket, " the copy of such Uniform Ticket which is filed with the circuit court constitutes a complaint to which the defendant may plead, unless he specifically requests that a verified complaint be filed." 725 ILCS 5/111–3(b) (West 2002).

Subsection (c) of section 111–3 governs how the State is to seek enhanced sentences for offenses and provides in relevant part:

> "When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial." 725 ILCS 5/111–3(c) (West 2002).

*Application*

In this case, defendant faced conviction for the offense of DUI on two possible bases: driving with a blood-alcohol content over 0.08 and driving while intoxicated. These two charges were brought by complaint pursuant to section 111–3(b) of the Code. After the filing of the tickets with the circuit court and after defendant's speedy-trial demand, the State desired that, upon conviction, defendant be sentenced as a Class 4 felon under section 11–501(c–1)(1) (driving

-6-

while on a revoked license due to a previous DUI). To this end, the State was required to upgrade the misdemeanor to a felony, and felonies can only be charged by information or indictment (725 ILCS 5/111–2(a) (West 2002)). The State therefore dismissed the two pending DUI charges against defendant and recharged defendant, in an information, with driving with a blood alcohol content over .08, noting in the charge the existence of the sentence-enhancing factor (driving on a revoked license), which elevated the DUI offense to a felony.

Under section 111–3(c), a prior conviction such as the revoked license in this case is not an element of the underlying offense. *People v. DiPace*, 354 Ill. App. 3d 104, 114 (2004). Thus, the information did not charge anything new. The information merely elevated the misdemeanor DUI, initially charged by way of a traffic citation, to a felony. Under section 111–3(c), the information is a request for an enhanced sentence, which the legislature has defined as a "sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense." 725 ILCS 5/111–3(c) (West 2004); *DiPace*, 354 Ill. App. 3d at 114. Although the information amounted to a new way of charging the DUI offense, it did not allege a different offense than did the previously dismissed ticket. Since the offenses alleged in both the ticket and the information were the same, compulsory joinder principles, the subject of cases like *People v. Jackson*, 118 Ill. 2d 179 (1987), *overruled on other grounds by People v. Stefan*, 146 Ill. 2d 324 (1992), do not apply to this case. The appellate court incorrectly concluded that compulsory joinder principles rendered defendant's speedy trial demand inapplicable to the refiled charge.

The State has the discretion not only to decide what charges to bring, but to decide whether charges should be dismissed. *People v. Rhodes*, 38 Ill. 2d 389, 396 (1967). The State may not avoid a speedy-trial demand by dismissing a charge only to refile the identical charge for the identical offense based on the identical acts. *People v. Fosdick*, 36 Ill. 2d 524 (1967). Defendant contends that, in this case, the State improperly used its power of dismissal to avoid the effect of his speedy trial demand.

The voluntary dismissal of criminal charges before trial is, in effect, a *nolle prosequi*. *People v. Guido*, 11 Ill. App. 3d 1067, 1069

-7-

n.2 (1973), citing *Commonwealth v. Brandano*, 359 Mass. 332, 334-35, 269 N.E.2d 84, 86-87 (1971). The effect of a *nolle prosequi* is "to terminate the charge to which it is entered and to permit the defendant to go wherever he pleases, without entering into a recognizance to appear at any other time. If it is entered before jeopardy has attached, it does not operate as an acquittal, so as to prevent a subsequent prosecution for the same offense." *People v. Watson*, 394 Ill. 177, 179 (1946). Although the State may refile dismissed charges before jeopardy attaches, its ability to do so may be complicated by speedy-trial concerns. For that reason, voluntary dismissal and the subsequent refiling of identical charges do not toll the statute. *Fosdick*, 36 Ill. 2d at 528-29.

We hold, therefore, that defendant's speedy-trial demand filed with respect to the offenses charged by complaint was applicable to the same offense refiled by the State in its information. As noted, defendant filed his written demand for a speedy trial on December 14, 2004, and the 160-day period was thus set to expire on May 23, 2005. The parties have agreed that no amount of delay from December 14, 2004, until May 23, 2005, was attributable to defendant. Defendant's trial, which took place on November 29, 2005, was outside the limitations set forth in section 103–5(b) (725 ILCS 5/103–5(b) (West 2004)). The circuit court therefore incorrectly denied defendant's motion to dismiss.

Conclusion

For the reasons set forth above, the judgments of the circuit court and the appellate court are reversed.

*Appellate court judgment reversed;*
*circuit court judgment reversed.*

JUSTICE GARMAN, dissenting:

The majority concludes that defendant's speedy-trial demand, filed in the misdemeanor traffic case, precludes prosecution on the subsequently filed felony charge. For the following reasons, I believe that the majority opinion is in error and, therefore, dissent.

Defendant's current interaction with the criminal justice system began on November 13, 2004, when a Champaign County sheriff's deputy issued him three uniform citations. It is undisputed that the Champaign County State's Attorney's office had no prior knowledge of, or involvement in, the issuance of these citations. Defendant's traffic citations were filed in the Champaign County circuit court under case number 04–DT–688 (traffic case). Defendant filed a written speedy-trial demand in the traffic case.

On September 19, 2005, the State dismissed the traffic case and charged defendant by information with felony DUI under section 11–501(c–1)(1) of the Illinois Vehicle Code (625 ILCS 5/11–501(c–1)(1) (West 2002)). The felony charge was brought in Champaign County case number 05–CF–1760 (felony case). Defendant did not file a speedy-trial demand in the felony case.

On November 29, 2005, 71 days after the felony charge was filed, defendant filed a motion to dismiss the felony case on the basis that the 160-day speedy-trial period had expired. The trial court denied defendant's motion. On November 8, 2006, following a stipulated bench trial, defendant was convicted of felony DUI. He was subsequently sentenced to 6 years' imprisonment in the Department of Corrections.

Defendant appealed, arguing that he was charged with only one offense and that, therefore, the speedy-trial demand he filed in the traffic case was applicable to the later-filed felony case. The appellate court rejected this argument, holding that the traffic case and felony case were not subject to compulsory joinder. As a result, the appellate court held that the speedy-trial demand defendant filed in the traffic case did not apply to the later-filed felony case. Defendant appealed to this court alleging that his speedy-trial rights were violated.

In Illinois, there is both a statutory and a constitutional right to speedy trial. *People v. Cordell*, 223 Ill. 2d 380, 385 (2006). See also U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8; 725 ILCS 5/103–5 (West 2002). While the speedy-trial act (725 ILCS 5/103–5 (West 2002)) "implements the constitutional right to a speedy trial, the statutory right and the constitutional right are not coextensive." *Cordell* 223 Ill. 2d at 385-86, citing *People v. Gooden*, 189 Ill. 2d 209, 217 (2000). The present case implicates only defendant's statutory right to a speedy trial.

The majority accurately states that the sole question in this case is whether defendant's motion for dismissal, based on speedy-trial grounds, should have been granted. This court has never previously addressed this precise issue. For the reasons that follow, I believe that the trial court was correct in denying defendant's motion for dismissal, and that the appellate court was correct in affirming that denial.

Ordinarily, we think of compulsory joinder in terms of the joinder of related offenses and not the number of cases or charges. See *People v. Mauricio*, 249 Ill. App. 3d 904, 911 (1993) ("[t]he statutory language of section 3–3 would seem to require the State to have brought all of the charges against defendant in one proceeding"). Indeed, the statutory language of the compulsory joinder statute requires *inter alia* that the "several offenses" in question be "known to the proper prosecuting officer at the time of commencing the prosecution." 720 ILCS 5/3–3(b) (West 2002).

The majority, having initially concluded that misdemeanor DUI and felony DUI are the same offense, relies on the term "offenses" in the statute to find that defendant's case should have been dismissed. Under the majority's reasoning, the traffic case and felony case were merely two different methods of charging defendant with the same crime, thus there is no reason to discuss compulsory joinder because there was nothing to join. Because the majority treats the felony case as merely the continuation of the traffic case, the majority concludes that the speedy-trial demand defendant filed in the traffic case is equally applicable to the felony case. I disagree with this conclusion.

What the majority overlooks is that even if there was only one offense, there were still two charges and each charge was initiated by a different charging authority. These separate charges, initiated by different charging authorities, are not subject to compulsory joinder and are not otherwise subject to the same speedy-trial period.

The first charging authority involved in this case is the Champaign County sheriff. The sheriff charged defendant through the issuance of three uniform citations. Uniform citations are "intended to be used by a police officer in making a charge for traffic offenses and certain misdemeanors and petty offenses." *People v. Jackson*, 118 Ill. 2d 179, 192 (1987). These uniform citations constitute a complaint to which a defendant may plead. *Jackson*, 118 Ill. 2d at 192, citing *People v. Pankey*, 94 Ill. 2d 12, 17 (1983). Thus, the issuance of a citation

constitutes the charging of a defendant with the commission of an offense without any involvement of the State's Attorney's office whatsoever.

The second charging authority was the State's Attorney. The State's Attorney had to initiate separate proceedings against defendant to try him for the Class 4 felony, as uniform citations cannot be used to charge a person with a felony. *Jackson*, 118 Ill. 2d at 192, citing *Pankey*, 94 Ill. 2d at 17. A separate charge had to be filed because all felony prosecutions must "be by information or by indictment." 725 ILCS 5/111–2(a) (West 2002). Thus, in order for defendant to be charged/convicted/sentenced as a Class 4 felon, the State's Attorney had to file a separate case as the traffic citations would not allow defendant to be tried or sentenced as a felon.

In the ordinary case of compulsory joinder, the State's Attorney files two or more charges that are based on the defendant's same actions. In such a case, the analysis conducted by a court focuses on whether the three conditions of the compulsory-joinder statute have been met. See *People v. Williams*, 204 Ill. 2d 191 (2003). If the conditions are met, all the various cases are subject to the same speedy-trial period.

In this case, the two separate charges cannot be subject to compulsory joinder as it would have been impossible for the sheriff's deputy to charge defendant with the felony offense. It would be an inherent contradiction for this court to hold that separate charges brought by different charging authorities had to be joined when the authority initiating the first charge is expressly prohibited from filing the second charge. Thus, because there were two charging authorities, and because the initial charge in the traffic case could not have included the later-filed felony, the two charges are not subject to compulsory joinder. Therefore, the speedy-trial period must be determined as to each individual case.

The compulsory joinder discussion in *People v. Quigley*, 183 Ill. 2d 1 (1998), supports this conclusion. In *Quigley*, this court stated that, "[i]f the charges are required to be brought in a single prosecution, the speedy-trial period begins to run when the speedy-trial demand is filed, even if the State brings some of the charges at a later date." *Quigley*, 183 Ill. 2d at 13. In *Quigley*, the State's Attorney dismissed the ordinance violations and directly brought both the

misdemeanor and felony charges by information. However in the present case, unlike in *Quigley*, the relevant charges in this case could not have been brought in a single prosecution because the sheriff was limited to charging defendant with misdemeanor offenses.

Further support for this reasoning is found in this court's opinion in *Jackson*, 118 Ill. 2d 179. In *Jackson*, this court was asked to examine whether a defendant charged with reckless homicide following a drunk driving accident could raise double jeopardy or compulsory joinder as a defense to his homicide prosecution where he had already pled guilty to underlying traffic offenses. *Jackson*, 118 Ill. 2d 179.[3] This court held that "the compulsory-joinder provisions of section 3–3 do not apply to offenses that have been charged by the use of a uniform citation." *Jackson*, 118 Ill. 2d at 192. In reaching that conclusion, this court stated that "[w]e hold today that the compulsory-joinder provisions of section 3–3 do not apply to offenses that have been charged by the use of a uniform citation and complaint form provided for traffic offenses." *Jackson*, 118 Ill. 2d at 192. Thus, the court allowed the defendant's felony conviction to stand because joinder of the felony and traffic offenses was not required.

It is true that *Jackson* dealt with compulsory joinder in the context of double jeopardy concerns and the instant case deals with speedy-trial issues. However, neither the majority nor defendant cite any reason why compulsory joinder should be treated differently for speedy-trial purposes than it is for double jeopardy purposes.

Though this court has never specifically addressed whether a speedy-trial demand filed in a case initiated by uniform citation applies against a subsequent felony prosecution brought by the State's Attorney, the lower courts have. Moreover, every court that has examined this issue over the past 20 years has adopted the position I advance in this dissent. See *People v. Sandoval*, 381 Ill. App. 3d 142, 152 (2008) ("traffic offenses that are charged by the use of a uniform citation or complaint form completed by a police officer rather than a

---

[3]*People v. Jackson*'s double jeopardy analysis was subsequently overturned by *People v. Stefan*, 146 Ill. 2d 324 (1992). However, *Jackson*'s analysis of compulsory joinder, relevant to the present opinion, remains good law.

prosecutor are not subject to compulsory joinder with charges brought under an indictment, and their viability under speedy trial rules must be determined individually"); *People v. Kizer*, 365 Ill. App. 3d 949, 955 (2006) ("section 3–3 does not require the State to prosecute a felony charge in the same proceeding as a related traffic offense charged by uniform citation and complaint, it must follow that a demand for a speedy trial in the traffic case has no effect in the felony case"); *People v. Mauricio*, 249 Ill. App. 3d 904, 911 (1993) ("[t]he statutory language of section 3–3 would seem to require the State to have brought all of the charges against defendant in one proceeding. However, our courts have held that sections 3–3 and 3–4(b)(1) do not apply to offenses that have been charged in a uniform traffic citation"); *People v. Hoskinson*, 201 Ill. App. 3d 411, 414 (1990) ("[t]he compulsory joinder provisions of these sections do not apply to offenses that have been charged by the use of uniform citation and complaint forms used by police officers in charging traffic offenses"); *People v. Crowe*, 195 Ill. App. 3d 212, 218 (1990) ("[i]t is the commencement of prosecution by the State's Attorney which invokes application of the compulsory-joinder provisions"); *People v. Hogan*, 186 Ill. App. 3d 267, 269 (1989) ("[t]he compulsory joinder provisions of sections 3–3 and 3–4 do not apply to offenses charged by uniform citation and complaint forms"). Despite this wealth of contrary authority, the majority, without comment, would implicitly overrule 20 years of settled law.

The only authority cited by the majority to support its conclusion that the State's Attorney's "dismissal and the subsequent refiling of identical charges do not toll the statute" is *People v. Fosdick*. Slip op. at 8, citing *People v. Fosdick*, 36 Ill. 2d 524, 528 (1967). However, *Fosdick* does not apply to the present case, as *Fosdick* did not involve a prosecution initiated by uniform citation. Instead, the various charges filed, dismissed, and refiled in *Fosdick* were by either information or indictment. *Fosdick*, 36 Ill. 2d at 526-27.

It is undisputed that the State may not avoid a speedy-trial demand by dismissing a charge only to refile the identical charge for the identical offense based on the identical acts. In *People v. Woolsey*, this court reasoned that "[t]he decision to nol-pros a charge is within the discretion of the prosecution and, thus, can be used to improperly manipulate criminal proceedings or to purposefully evade the

-13-

operation of the speedy-trial statute." *People v. Woolsey*, 139 Ill. 2d 157, 169 (1990).

However, *Woolsey* and other cases that have considered this issue have all been cases where the State's Attorney initiated the prosecution, dismissed the case, and then filed a new case for the identical offense. See *Woolsey*, 139 Ill. 2d at 160. See also *People v. Watson*, 394 Ill. 177, 178 (1946) (cited by the majority, slip op. at 8).

Furthermore, nothing in the record of this case demonstrates that the State was attempting to "manipulate criminal proceedings" or "purposefully evade the operation of the speedy-trial statute." *Woolsey*, 139 Ill. 2d at 169.

There is no indication that the State derived any benefit whatsoever from the delay in bringing defendant to trial on the felony charge. The record reflects that the State had the evidence needed to prosecute the felony offense at the time the citations were issued. (A citation was issued for operating a motor vehicle with a blood-alcohol content over 0.08 and a citation was issued for driving on a revoked license.) While this fact makes the State's delay in bringing the felony case less understandable, it also demonstrates that the State had nothing to gain by delaying the felony prosecution.

Likewise, the State did not evince any evasion of the operation of the speedy-trial statute. Unlike in *Woolsey*, the State in this case did not wait until defendant had brought a motion to dismiss on speedy-trial grounds to file the felony charge. The State dismissed the traffic case and filed the felony case before defendant had filed a motion to dismiss.

However, despite the delay in bringing the felony charge, the State still brought the felony case within the three-year statute of limitations. See 720 ILCS 5/3–5 (West 2002). Further, the defendant never filed a speedy-trial demand in the felony case, and, even if he had, the State prosecuted defendant on the felony charge within the time allowed by the speedy-trial act.

In this case, there are two separate protections at issue. First, there is the protection of the speedy-trial act. The speedy-trial act helps ensure that a defendant's constitutional right to a speedy trial is observed and respected by the State. The current facts do not present a violation of this right. The second protection at issue is the statute

of limitations. The statute of limitations (720 ILCS 5/3–5 (West 2002)) limits the time period during which the State may bring a criminal prosecution. This limitation is

> " 'designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity.' " *People v. Strait*, 72 Ill. 2d 503, 506 (1978), quoting *Toussie v. United States*, 397 U.S. 112, 114-15, 25 L. Ed. 2d 156, 161, 90 S. Ct. 858, 860 (1970).

Because the State met its obligation with regard to the statute of limitations, defendant's prosecution was timely and his conviction should be affirmed.

I would hold that since the State's Attorney did not bring the initial traffic case, the speedy-trial demand filed in the traffic case did not affect the latter filed felony prosecution. I would, therefore, affirm the judgment of the trial and appellate courts and uphold defendant's conviction.

JUSTICES THOMAS and KARMEIER join in this dissent.

-15-