NOTICE
Decision filed 08/31/16. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2016 IL App (5th) 140526

NO. 5-14-0526

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|---|---|---|
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Clinton County. |
| | ) | |
| v. | ) | No. 14-CF-94 |
| | ) | |
| CHARLES L. KILCAUSKI, | ) | Honorable |
| | ) | Dennis E. Middendorff, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court, with opinion.
Justices Goldenhersh and Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1     The People of the State of Illinois (the State) appeal the order of the circuit court of Clinton County dismissing this case against the defendant, Charles L. Kilcauski, for violations of the defendant's right to a speedy trial. For reasons that follow, we affirm.

¶ 2                    BACKGROUND AND PROCEDURAL HISTORY

¶ 3     The defendant, Charles L. Kilcauski, was arrested in Clinton County, Illinois, on June 23, 2013. On June 24, 2013, he was charged by information (cause No. 13-CF-80) in the circuit court of Clinton County, with obstructing justice, a Class 4 felony (count I), and unlawful possession of a hypodermic syringe, a Class A misdemeanor (count II). As

1

to the felony count, the information charged that the defendant, with the intent to prevent his apprehension, knowingly furnished false information to a police officer in that the defendant, when asked to identify himself, provided a name and date of birth different from his own. The defendant appeared in court, *pro se*, that same day. The court set bond at $20,000, appointed the public defender, and scheduled the defendant's first appearance date for July 3, 2013. On June 25, 2013, the public defender filed an entry of appearance, along with the defendant's plea of not guilty and jury demand, a discovery motion, and a motion to reduce bond.

¶ 4 On July 3, 2013, the assistant State's Attorney and the public defender appeared in court, but the defendant did not appear. There is no report of proceedings from this date, but an entry in the court's docket sheet indicates that the defendant was in custody in St. Louis, Missouri. The docket sheet shows that the court issued a notice to appear on August 7, 2013, and the notice was sent to the defendant's home address.

¶ 5 On August 7, 2013, the assistant State's Attorney and the public defender appeared in court. The defendant did not appear. When the defendant's case was called for hearing, the assistant State's Attorney informed the trial court that the Clinton County sheriff's department had turned over the defendant to authorities in St. Louis County. The assistant State's Attorney stated that he talked to authorities at the St. Louis County jail and confirmed that the defendant was in the custody of St. Louis County, being held to bond. The assistant State's Attorney advised the court that during the proceedings on July 3, 2013, he had requested a warrant, that his request had been denied, and that he had been unable to get the defendant back to Clinton County without a warrant.

¶ 6 After being apprised of the situation, the trial court indicated that it understood that the Clinton County sheriff's department had turned the defendant over to St. Louis County, without the consent of the State's Attorney's office, but then advised the assistant State's Attorney that the sheriff's department is part of the State. The court found that although the defendant was not in the physical custody of the Clinton County sheriff's department, the defendant remained in the sheriff's custody because he had not posted bond or escaped from custody. The court stated that it would not issue a warrant for failure to appear because it was not the defendant's fault that he could not appear. The court then, on its own motion, dismissed the case because the State had not provided the defendant with a preliminary hearing within 30 days from the date he was taken into custody. The docket entry from that date stated: "defendant not present, it appears to the court that the Sheriff of Clinton County has transferred physical custody of the defendant to the state of Missouri without completion of process in this County. As a consequence of the Sheriff's act, the state is unable to proceed to preliminary hearing [w]ithin 30 days as required by law. Cause dismissed."

¶ 7 On August 8, 2013, the State filed a motion to nol-pros count II of the information. In its motion, the State noted that a defendant does not have a right to a preliminary hearing on a misdemeanor charge and that the order dismissing the misdemeanor count was improper. On that same day, the trial court issued an order granting the State's motion to nol-pros the misdemeanor count without prejudice. The court also clarified its prior order. The court acknowledged that it had authority to dismiss only the felony

count for failure to provide a preliminary hearing and noted that the felony count was dismissed without prejudice.

¶ 8　　On August 14, 2013, the defendant, acting *pro se*, submitted a motion for speedy trial in the circuit court of Clinton County in No. 13-CF-80. The handwritten pleading was received and file-marked by the court on August 14, 2013. The first page states: "I am currently incarcerated at the St. Louis County Jail, located at 100 South Central Ave., Clayton, MO, 63105. I would like this motion to be filed and notice to the following people[:] Circuit Clerk Clinton County, IL, Judge Middendorf [*sic*] Clinton County, IL; St. Louis County Justice Services, 100 Central Ave., Clayton MO, 63105; Charles L. Kilcauski, Inmate #188074 100 South Central Ave., Clayton, MO 63105." The second page states: "I Charles Kilcauski file pro se, a motion for a 120 day fast and speedy trial."

¶ 9　　On July 17, 2014, a Clinton County grand jury returned a bill of indictment against the defendant, charging one count of obstructing justice, a Class 4 felony, and one count of unlawful possession of a hypodermic syringe, a Class A misdemeanor. These charges arose from the same offenses for which the defendant was arrested on June 23, 2013, and were identical to the charges filed on June 24, 2013, in No. 13-CF-80. The indictment was filed in the circuit court of Clinton County (cause No. 14-CF-94), along with the State's notice of intent to seek an extended term of imprisonment. The court issued an arrest warrant. Bond was set at $50,000 because of the notice of extended term.

¶ 10　　The defendant was arrested in Clinton County on September 3, 2014, after being stopped for a traffic violation. He appeared in court on September 4, 2014. The court appointed the public defender and set first appearance for September 24, 2014.

4

¶ 11    On September 9, 2014, the Clinton County public defender filed an entry of appearance, a plea of not guilty, a jury-trial demand, and a motion for discovery.  On September 16, 2014, the public defender filed a motion to dismiss the felony charge, pursuant to section 114-1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114-1 (West 2014)), for failure to state an offense.  In the motion, the defense argued that the alleged acts of intentionally furnishing a false name and date of birth to a police officer constitute obstructing identification, a Class A misdemeanor, not felony obstruction of justice.  The public defender also filed a motion to dismiss the charges pursuant to the defendant's sixth amendment right to a speedy trial.  In the motion to dismiss, the defense pointed out that the pending charges were identical to those previously dismissed in August 2013 and that the pending charges were presented to a grand jury and an indictment obtained on July 17, 2014, approximately 13 months after the alleged offenses were committed and approximately one year after the original charges were dismissed.  The defense argued that the State offered no reason for the delay, that the defendant had requested a speedy trial while in St. Louis County jail, and that the defendant did nothing to cause or contribute to the delay.  The defense also claimed that the defendant had been severely prejudiced by the delay.

¶ 12    The defendant's motion to dismiss was called for hearing on September 24, 2014. During the hearing, the defendant noted that the felony count in the original information had been dismissed because the State violated the defendant's right to a preliminary hearing and that the State waited for almost a year to seek an indictment.  The defendant claimed that he sought a disposition of the charges in June 2013 and that the year-long

5

delay between the dismissal of the information and the filing of the indictment resulted in extreme prejudice because the defendant lost track of his only witness and because a deal might have been negotiated that would have allowed him to serve a term concurrent with his incarceration in Missouri.

¶ 13    In response, the State argued that the defendant's *pro se* motion for a speedy trial was of no effect because the underlying charges had been dismissed before the motion was filed and because the defendant had not served a copy of the speedy-trial request on the State's Attorney as required under the Interstate Agreement on Detainers.  The State further argued that there was no constitutional speedy-trial violation because the subsequent charges were filed within the applicable statute-of-limitations period and the delay in filing the charges occurred because the defendant was incarcerated in Missouri.

¶ 14    After considering the arguments of counsel, the court issued its findings and order. The court found that the State knew, as of August 7, 2013, that the defendant had been transferred to St. Louis County Justice Center without completion of process in Clinton County; that the original felony charge was dismissed on August 7, 2013, for failure to provide a preliminary hearing due to the defendant's transfer to St. Louis County without process; that the State elected to nol-pros the misdemeanor charge on August 8, 2013; and that the bill of indictment was filed on July 17, 2014, more than a year after the defendant was initially taken into custody on the charges.  The court also found that the State knew that the defendant was detained in the St. Louis County jail and that it could have secured an indictment and sought extradition shortly after the original charges were dismissed.  The court determined that there were both preindictment and postindictment

6

delays in this case, noting that neither the indictment nor preliminary hearing was had in a timely fashion and that the State offered no explanation for the delays. The court granted the defendant's motion and dismissed the case with prejudice on constitutional speedy-trial grounds.

¶ 15    On October 14, 2014, the State filed a motion to reconsider the order of dismissal. In this motion, the State attributed the delay to the defendant's failure to properly notify the State's Attorney's office that he was incarcerated in St. Louis County and the defendant's failure to follow proper procedure under the Interstate Agreement on Detainers. The motion was called for hearing on October 21, 2014. At the outset, the court asked the State if it wished to make any arguments in support of its motion, and the State declined, electing to stand on its motion. The court then turned to the defendant's attorney and asked how long the defendant had been in custody in St. Louis County. Counsel replied that the defendant remained in custody until March 2014. The court then asked the assistant State's Attorney whether it was the State's contention that the 120-day speedy-trial clock stopped when the sheriff transferred the defendant to authorities in Missouri. The assistant State's Attorney replied that he could not say that. Counsel stated that the defendant's transfer to Missouri created an issue regarding the ability to provide the defendant with a preliminary hearing and that the 120-day speedy-trial clock stopped when the charges in the information were dismissed.

¶ 16    Following this inquiry, the court found that the defendant had been sent to Missouri without extradition or a waiver of extradition and that the defendant had been placed in the physical custody of Missouri authorities with the consent of the Clinton

County sheriff's department but without a court order. The court further found that after the original charges in Clinton County were dismissed, there was never an order releasing the defendant from the custody of Clinton County and the defendant remained in the physical custody in St. Louis County until March 2014. Additionally, the court found that the State did not present the case to the grand jury until July 17, 2014, even though it could have obtained an indictment and sought extradition of the defendant shortly after the original charges were dismissed. The court concluded that these delays presented not only a constitutional speedy-trial problem, but also a statutory speedy-trial problem. The court denied the State's motion to reconsider, and this appeal followed.

¶ 17                                    ANALYSIS

¶ 18   On appeal, the State contends that the trial court erred in dismissing the charges against the defendant on speedy-trial grounds. The State claims that the trial court incorrectly applied the sixth amendment constitutional speedy-trial test when it considered the delay between the dismissal and nol-pros of the original charges and the filing of the bill of indictment. The State claims that the only relevant question is whether the delay constituted a denial of due process under the fifth amendment and that because the trial court did not conduct a due-process analysis, its decision must be vacated and the cause remanded for a due-process analysis.

¶ 19   The right to a speedy trial is guaranteed by the United States Constitution and the Illinois Constitution. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. A criminal defendant in Illinois also has a statutory right to a speedy trial. 725 ILCS 5/103-

8

5 (West 2014). The constitutional and statutory rights to a speedy trial are not necessarily coextensive. *People v. Campa*, 217 Ill. 2d 243, 250, 840 N.E.2d 1157, 1162 (2005).

¶ 20 When considering whether a defendant's constitutional right to a speedy trial has been violated, there are four factors that may be considered and balanced: the length of the delay, the reasons for the delay, the defendant's assertion of the right to a speedy trial, and the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Campa*, 217 Ill. 2d at 250, 840 N.E.2d at 1163. No single factor is regarded as "a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Barker*, 407 U.S. at 533. All factors are related and must be considered together with other relevant circumstances in assessing whether a defendant's fundamental right to a speedy trial has been violated. *Barker*, 407 U.S. at 533.

¶ 21 In considering whether there is a constitutional speedy-trial violation, the length of the delay is considered the triggering mechanism for considerations of the other factors, but the length of delay is necessarily dependent on the peculiar circumstances of the case, and not on any fixed period of time. *Barker*, 407 U.S. at 530-31. The weight to be accorded the reasons cited by the prosecution for the delay is likewise dependent on the particular circumstances, such that deliberate delays are weighted heavily and negligence is weighted a little less heavily. *Barker*, 407 U.S. at 531. Whether and how a defendant asserts his right is also a factor. *Barker*, 407 U.S. at 531. Finally, in assessing the prejudice factor, courts are to consider the interests of defendants that the speedy-trial right was designed to protect: (1) preventing undue and oppressive incarceration, (2)

minimizing the anxiety and concern that accompanies public accusations, and (3) limiting the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532.

¶ 22    The statutory right to a speedy trial is set forth in section 103-5 of the Code. 725 ILCS 5/103-5 (West 2014). Section 103-5(a) provides that every person in custody in this state for an alleged offense must be tried within 120 days from the date that person was taken into custody unless delay is occasioned by that person. 725 ILCS 5/103-5(a) (West 2014). Section 103-5(b) provides that every person on bail or recognizance must be tried within 160 days from the date that person demands trial unless delay is occasioned by that person. 725 ILCS 5/103-5(b) (West 2014). Proof of a violation of a defendant's rights under section 103-5 requires a showing that the defendant has not been tried within the period set by the statute, and that the defendant had not caused or contributed to the delay. *Campa*, 217 Ill. 2d at 250-51, 840 N.E.2d at 1163. Defendants who rely on the statutory right to a speedy trial are not required to show prejudice. *People v. Staten*, 159 Ill. 2d 419, 426, 639 N.E.2d 550, 554 (1994). The provisions of section 103-5 are to be liberally construed in favor of the defendant, and the State cannot improperly manipulate criminal proceedings or purposefully evade the operation of the provisions in section 103-5. *People v. Van Schoyck*, 232 Ill. 2d 330, 335, 904 N.E.2d 29, 31 (2009).

¶ 23    The fifth and fourteenth amendments to the United States Constitution also guarantee due process in criminal proceedings and protect a criminal defendant against proceedings that are fundamentally unfair. U.S. Const., amends. V, XIV. Due process under the fifth amendment would require the dismissal of an indictment if it were shown

that a preindictment delay resulted in substantial prejudice to the defendant's right to a fair trial and that the delay was an intentional device by the prosecution to gain tactical advantage over the defendant. *United States v. Marion*, 404 U.S. 307, 324 (1971); *People v. Lawson*, 67 Ill. 2d 449, 456-57, 367 N.E.2d 1244, 1247 (1977). The trial court has an obligation to insure a fair trial. Where there has been a clear denial of due process, the trial court has the inherent authority to dismiss a case. *Lawson*, 67 Ill. 2d at 456, 367 N.E.2d at 1247.

¶ 24 Before considering the merits of the appeal, we consider the appropriate standard of review. In this case, the relevant facts are uncontested, and as such, the trial court's determination of the constitutional issues and the statutory speedy-trial issue are reviewed *de novo*. See *People v. Crane*, 195 Ill. 2d 42, 52, 743 N.E.2d 555, 562 (2001) (where relevant facts are uncontested, the ultimate determination of whether a defendant's constitutional right to a speedy trial has been violated is reviewed *de novo*); *People v. Stanitz*, 367 Ill. App. 3d 980, 983, 857 N.E.2d 288, 290 (2006) (the application of the speedy-trial statute to undisputed facts presents questions of law that are reviewed *de novo*); *People v. Totzke*, 2012 IL App (2d) 110823, ¶ 17, 974 N.E.2d 408 (the determination of whether due process has been violated is a question of law that is reviewed *de novo*).

¶ 25                    The Sixth Amendment Speedy-Trial Analysis

¶ 26 Having outlined the due-process and speedy-trial analyses at issue and the appropriate standards of review, we now address the State's contention that the trial court erred in considering the period of delay between the dismissal of the original charges and

11

the filing of the bill of indictment under a constitutional speedy-trial analysis, rather than a due-process analysis.

¶ 27    As previously noted, the particular safeguards and protections of the constitutional speedy-trial provision are engaged either upon filing a formal indictment or information or the actual restraints imposed by arrest and being held to answer a criminal charge. *Marion*, 404 U.S. at 320.   Thus, a person may invoke the constitutional speedy-trial provision upon arrest and being held to answer; he need not await a formal charge. *Marion*, 404 U.S. at 321.

¶ 28    In this case, the defendant was arrested on June 23, 2013, and he was charged and held to bond in Clinton County on June 24, 2013.  Sometime between June 24, 2013, and July 3, 2013, the Clinton County sheriff's department voluntarily relinquished physical custody of the defendant to St. Louis County, without extradition or waiver of extradition or other order of the circuit court of Clinton County.  The original felony charge was dismissed without prejudice on August 7, 2013, because the State had failed to provide the defendant with a preliminary hearing within 30 days of the date the defendant was taken into custody.  The State then elected to nol-pros the misdemeanor on August 8, 2013.  The State sought and secured an indictment on the identical charges on July 17, 2014, and an arrest warrant issued that day.  The defendant was arrested on that warrant following a routine traffic stop on September 3, 2014.  After reviewing the record, the trial court determined that the defendant had never been released from the custody of the Clinton County sheriff's department, even though the charges had been dismissed, and the defendant remained in the physical custody of St. Louis County until March 2014.

12

Thus, there was a delay of more than a year between the date the defendant was arrested and detained on the original charges and the date of his indictment on those same charges. The delay between the dismissal of the original charges and the filing of the bill of indictment on the same charges was almost a year.

¶ 29    Under these unique circumstances, the restraint imposed upon the defendant's liberty began on July 23, 2013, the date he was arrested and detained in Clinton County, and extended through the date of the subsequent indictment and arrest, as there had never been an order releasing him from custody in Clinton County. In this case, there were restraints on the defendant's liberty that triggered the protections of the speedy-trial provision of the sixth amendment. *Marion*, 404 U.S. at 320-21. Accordingly, we now consider whether the delay violated the defendant's constitutional right to a speedy trial.

¶ 30    As previously noted, there are four factors to be considered when determining whether a defendant's right to a speedy trial has been violated: the length of delay, the reasons for the delay, the defendant's assertion of his speedy-trial right, and the prejudice to the defendant as a result of the delay. *Barker*, 407 U.S. at 530. In this case, there was a delay of more than a year between the date the defendant was arrested and detained on the original charges and the date of his indictment on those same charges. The delay between the dismissal of the original charges and the filing of the bill of indictment was almost a year. Under either measure, the length of the delay is "presumptively prejudicial" and triggers an inquiry into the other factors. *Barker*, 407 U.S. at 530; *Crane*, 195 Ill. 2d at 53, 743 N.E.2d at 562-63.

13

¶ 31    Therefore, we next consider the reason for the delay.  In this case, the State offered no explanation to justify the delay.  The State attempted to deflect responsibility for its failure to provide a preliminary hearing by arguing that the Clinton County sheriff's department voluntarily relinquished custody of the defendant to authorities in St. Louis County without notice to the State's Attorney or the court.  As the trial court correctly noted, the sheriff's department is part of the State, and any negligent or unlawful actions by that department are attributable to the State.  The State also attempted to blame the defendant for failing to provide notice of his whereabouts after he was transferred to authorities in St. Louis County.  In this case, the record shows that the State had actual knowledge of the defendant's whereabouts shortly after he was transferred to the St. Louis County Justice Center.  In fact, the assistant State's Attorney advised the court that he had spoken to authorities in St. Louis County and confirmed that the defendant was being held to bond in St. Louis County.  The record also shows that the defendant filed a motion for speedy trial in Clinton County on August 14, 2013, and therein stated that he was being held at the St. Louis County Justice Center and provided the address of that facility.  Thus, the defendant was not operating as a fugitive.  The State did not seek an indictment for more than 11 months after the initial charges were dismissed, and it offered no reason for the delay.  As the State did not present any reason to justify the delay, this factor is weighed against the State.

¶ 32    The third factor is the assertion of the right to a speedy trial.  In this case, the defendant attempted to assert his right to a speedy trial while he was being held in the St. Louis County Justice Center.  The defendant, acting *pro se*, filed a handwritten motion

within a week after the original charges had been dismissed. There is no indication in the record of whether the defendant knew that the charges in Clinton County had been dismissed at the time he filed his motion. In this case, the record demonstrates that the defendant made an attempt to request a speedy trial and a disposition of the charges in Clinton County. This factor weighs in the defendant's favor.

¶ 33 Finally, we consider the prejudice resulting from the delay. In this case, it appears undisputed that the defendant was subjected to a lengthy pretrial incarceration period of at least eight months. The defendant also alleged actual prejudice from the delay in that he was unable to locate the only witness to the conversation with the police officer that led to his arrest for obstructing justice, and he lost the opportunity for concurrent sentencing. The State offered no argument or evidence to dispute these allegations of prejudice.

¶ 34 In summary, the length of the delay was presumptively prejudicial; the State presented no facts to justify the delay; the defendant made the attempt to request a speedy trial and a disposition of the charges; and the defendant made an affirmative showing of actual prejudice in that he endured a lengthy period of incarceration during the period between the dismissal of the information and the filing of the indictment. In addition, the defendant's other allegations of prejudice were not contested by the State. In our view, under these unique facts, the delay resulted in a violation of the defendant's constitutional right to a speedy trial, and the trial court did not err in granting the defendant's motion to dismiss this case on constitutional speedy-trial grounds.

¶ 35                    The Statutory Speedy-Trial Analysis

¶ 36    We will briefly address the State's contention that the trial court erred in finding that the defendant's statutory right to a speedy trial was violated.  Under the speedy-trial statute, the State has 120 days to begin trial once a defendant is taken into custody, unless there is delay occasioned by the defendant.  725 ILCS 5/103-5(a) (West 2014).  In this case, the speedy-trial clock started to run when the defendant was taken into custody on June 23, 2013.  Although the Clinton County sheriff's department voluntarily transferred the defendant to authorities in St. Louis County, Missouri, the defendant remained in the custody of the sheriff's department.  The trial court determined that the defendant had not been released from custody in Clinton County, even though all charges were dismissed. Under these circumstances, the speedy-trial clock was not tolled.  According to the record, the defendant was released from Missouri in March 2014.  At that point, the defendant had been in continuous custody for more than eight months, and the defendant did not to contribute to the delay.  Accordingly, the trial court did not err in finding that the defendant's statutory right to a speedy trial under section 103-5(a) was violated.

¶ 37    Given our resolution of the speedy-trial issues, we have no need to consider whether the delay resulted in a due-process violation.

¶ 38                              CONCLUSION

¶ 39    In this case, the record demonstrates that the defendant's constitutional and statutory rights to a speedy trial were violated, and the trial court properly granted the defendant's motion to dismiss.  Accordingly, the judgment of the circuit court is affirmed.

16

¶ 40    Affirmed.

2016 IL App (5th) 140526

NO. 5-14-0526

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Clinton County. |
| | ) | |
| v. | ) | No. 14-CF-94 |
| | ) | |
| CHARLES L. KILCAUSKI, | ) | Honorable |
| | ) | Dennis E. Middendorff, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

**Opinion Filed:**     August 31, 2016

_____

**Justices:**     Honorable Judy L. Cates, J.

Honorable Richard P. Goldenhersh, J., and
Honorable Melissa A. Chapman, J.,
Concur

_____

**Attorneys**     Hon. John Hudspeth, State's Attorney, Clinton County Courthouse,
**for**     850 Fairfax, Carlyle, IL 62231, Patrick Delfino, Director,
**Appellant**     Stephen E. Norris, Deputy Director, Kelly M. Stacey, Staff Attorney,
Office of the State's Attorneys Appellate Prosecutor, 730 East Illinois
Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864

_____

**Attorneys**     Michael J. Pelletier, State Appellate Defender, Ellen J. Curry, Deputy
**for**     Defender, Maggie A. Heim, Assistant Appellate Defender, Office
**Appellee**     of the State Appellate Defender, Fifth Judicial District, 909 Water
Tower Circle, Mt. Vernon, IL 62864

_____