No. 3--01--0988

(Consolidated with Nos. 3--01--0989 & 3--01--0990) _________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2003

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 12th Judicial Circuit,

       )  Will County, Illinois,

Plaintiff-Appellee,        ) 

       )

v.                         )  Nos. 00--TR--87714, 

                                )       00--TR--87715 & 

 ) 00--CF--1507

                                )

DANIEL P. MILLER,       ) Honorable

                 )  Daniel Rozak,

Defendant-Appellant.       )  Judge, Presiding.

________________________________________________________________

JUSTICE SLATER delivered the opinion of the court:

________________________________________________________________

The defendant, Daniel P. Miller, was convicted of aggravated driving while under the influence of alcohol (DUI), driving while his license was suspended and transportation of alcoholic liquor in a motor vehicle.  625 ILCS 5/11--501; 6--303(a) and 11--502(a) (West 2000).  The trial court sentenced defendant to one year imprisonment for DUI and a concurrent term of six months imprisonment for driving while his license was suspended.  Defendant appeals, contending that (1) his conviction of driving while his license was suspended should be vacated, and (2) the State failed to prove him guilty beyond a reasonable doubt of transportation of alcoholic liquor in a motor vehicle.  We vacate defendant’s conviction of driving while his license was suspended and reverse his conviction of transportation of alcoholic liquor in a motor vehicle.

FACTS

In the indictment, the State alleged defendant drove a motor vehicle while under the influence of alcohol at a time when his driving privileges had been suspended due to a violation of section 11--501.1 of the Illinois Vehicle Code.  The State also charged defendant by citation with driving while his license was suspended and transportation of alcoholic liquor in a motor vehicle.  

At the bench trial, the evidence showed that two police officers responded to the scene of an accident.  The officers were informed that a black car which was involved in the accident had left the scene.

Shortly thereafter, the officers located the vehicle parked along a highway approximately five miles from the location of the accident.  The driver was not in the area.  One of the officers found an unopened can of beer inside the car and an empty can of beer outside the vehicle near the driver’s side door.  The vehicle was towed from the highway.

Less than two hours later, defendant was found walking along the highway approximately 50 feet north of where the car had been located.  One of the officers noticed that defendant’s breath smelled of alcohol, his eyes were red and glassy and his speech was slurred.  Defendant asked if he had injured anyone in the accident.  

The evidence also showed that defendant’s driver’s license was suspended at the time this incident occurred.  Based on this evidence, the trial court found defendant guilty of the charges. 

DISCUSSION

On appeal, defendant asserts that his conviction of driving while his license was suspended should be vacated on one-act, one-crime principles because the suspension of his license was an element of the offense of aggravated driving while under the influence of alcohol.  The State concedes error in this regard.

Where all of the elements of one offense are included in another, a conviction for only the more serious offense may stand.  See 
People v. Garcia
, 179 Ill. 2d 55, 688 N.E.2d 57 (1997).  In this case, the elements of driving with a suspended license were included in the offense of aggravated driving while under the influence of alcohol.  See 625 ILCS 5/11--501(c--1)(1) (West 2000).
  Accordingly, we vacate defendant's conviction and sentence for driving while his license was suspended. 

Defendant also contends that the State failed to prove him guilty beyond a reasonable doubt of transportation of alcoholic liquor in a motor vehicle. 

When faced with such a claim, we view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt.  
People v. Collins
, 106 Ill. 2d 237, 478 N.E.2d 267 (1985).  A reversal is warranted only if the evidence is so unsatisfactory that it leaves a reasonable doubt regarding the defendant’s guilt.  
People v. Flowers
, 306 Ill. App. 3d 259, 714 N.E.2d 577 (1999).  A person is guilty of transportation of alcoholic liquor in a motor vehicle if he transports an unsealed container of alcohol
 within the passenger compartment of a motor vehicle.  625 ILCS 5/11--502(a) (West 2000).  

In this case, a police officer found an empty container of alcohol near the driver’s side door as well as an unopened container inside the vehicle.  Since it is clear that the unopened can of beer would not support defendant's conviction (see 
People v. Nadermann
, 309 Ill. App. 3d 1016, 723 N.E.2d 857 (2000)), the State's case was based on the empty can.  However, the State did not present evidence that the empty container was the same brand of beer as the one in the car
, or any other evidence indicating that the empty container had been inside the vehicle.  Moreover, assuming the empty container had been inside the vehicle, there is no evidence that it was open at that time.  

It may be a logical inference that defendant possessed an open container as he drove, and that he later left the empty can near the vehicle when he walked away.  However, it is equally possible that the container had not even been inside the vehicle, but was litter along the roadside.  Another possibility is that defendant possessed the container, but opened it after he exited the vehicle. 

In sum, the State has the burden of presenting evidence sufficient to prove defendant guilty beyond a reasonable doubt.  In this case, we are left with the simple fact that there was an empty can of beer near the door of the vehicle.  While the evidence would permit an inference that defendant transported the open container in his vehicle, there are too many uncertainties to find defendant was proven guilty of this charge beyond a reasonable doubt.  Accordingly, we 
reverse defendant’s conviction of transportation of alcoholic liquor in a motor vehicle.  
  

   
 
 CONCLUSION

For the foregoing reasons, we vacate defendant’s conviction and sentence for driving while his license was suspended and reverse his conviction of transportation of alcoholic liquor in a motor vehicle.  

Reversed in part and vacated in part.

LYTTON and SCHMIDT, J.J., concur.