NO. 4-09-0302          Filed 12/23/09

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Edgar County |
| CLINTON T. EASTIN, | ) | No. 08TR866 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Steven L. Garst, |
| | ) | Judge Presiding. |

_____

JUSTICE McCULLOUGH delivered the opinion of the court:

In March 2009, defendant, Clinton T. Eastin, entered a guilty plea to one count each of driving with a suspended license and driving under the influence (DUI). In April 2009, the trial court vacated defendant's conviction for driving with a suspended license on the grounds it was an included offense of aggravated DUI. The State appeals, arguing (1) driving with a suspended license is not an included offense of aggravated DUI and (2) defendant has forfeited his right to challenge his driving-while-suspended conviction because he received the benefit of a negotiated guilty plea. We reverse and remand with directions.

In May 2008, defendant was arrested for DUI (625 ILCS 5/11-501(a)(2) (West Supp. 2007)) and driving with a suspended license (625 ILCS 5/6-303(a) (West Supp. 2007)). In July 2008, the State charged defendant by information with DUI while driving with a suspended license, a Class 4 felony (625 ILCS 5/11-501(a)(2), (c-1)(1) (West Supp. 2007) (count I). For simplicity, we refer to count I as aggravated DUI.

On May 18, 2009, defendant filed a motion for an advisory opinion from the trial court, arguing driving with a suspended license was an included offense of aggravated DUI. The court recharacterized defendant's motion as a motion to dismiss. On May 27, 2009, after hearing and argument, the court denied defendant's motion.

On May 30, 2009, defendant pleaded guilty to aggravated DUI and driving with a suspended license. The trial court sentenced defendant to two years' conditional discharge and 30 days in the Edgar County jail, subject to work release. The court also ordered defendant to complete 75 hours of counseling and to pay costs, a $500 fine, and the $1,000 DUI-equipment-fund assessment. The court's docket entry states the sentence was "pursuant to agreement." The court then continued sentencing on the driving-while-suspended conviction.

In April 2009, the trial court granted defendant's motion to vacate his guilty plea on the charge of driving with a suspended license and dismiss the complaint. The court apparently held that driving with a suspended license is an included offense of aggravated DUI.

This appeal followed.

Defendant has not filed an appellee's brief with this court. Nonetheless, we elect to decide the appeal on the merits pursuant to the principles set forth in First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976) (reviewing court may exercise discretion

to decide appeal on the merits where appellee has not filed a brief).

Turning to the merits, we agree with the State that driving with a suspended license is not an included offense of aggravated DUI.  The supreme court has explained as follows:

"Under the plain language of [section 11-501 of the Illinois Vehicle Code (625 ILCS 5/11-501 (West Supp. 2007))], there is only one offense of driving under the influence.  [Citation.]  Subsection (a) sets forth the elements for the offense and classifies the offense as a Class A misdemeanor.  The enhancing factors in subsection (c) do not create a new offense, but rather serve only to enhance the punishment."  People v. Van Schoyck, 232 Ill. 2d 330, 337, 904 N.E.2d 29, 32-33 (2009).

In Van Schoyck, the supreme court also stated that section 111-3(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2008)) applies to prosecutions in which the State seeks to enhance the applicable sentencing range with proof of a prior conviction of a different criminal statute.  Van Schoyck, 232 Ill. 2d at 337-39, 904 N.E.2d at 33-34 (discussing the effect of driving-with-a-revoked-license conviction on DUI sentencing).  The court further stated that "[u]nder section 111-3(c), a prior conviction such as the revoked license in this case

is not an element of the underlying offense." Van Schoyck, 232 Ill. 2d at 339, 904 N.E.2d at 34.

The holding in Van Schoyck controls the outcome of this case. Defendant's conviction for driving with a suspended license is not an element of the offense of aggravated DUI. Instead, the driving-while-suspended conviction constitutes an aggravating factor that the State must prove at sentencing to enhance defendant's sentence from a Class A misdemeanor to a Class 4 felony. Therefore, driving with a suspended license cannot, as a matter of law, constitute an included offense of aggravated DUI.

Defendant cites People v. Miller, 339 Ill. App. 3d 990, 992, 791 N.E.2d 1145, 1147 (2003) (Third District), for the proposition that driving with a suspended license is an included offense of aggravated DUI. We note the State conceded the error in Miller, 339 Ill. App. 3d at 992, 791 N.E.2d at 1147. However, to the extent Miller conflicts with Van Schoyck, we find the supreme court implicitly overruled Miller's holding.

Because we have determined the trial court erred when it vacated defendant's conviction for driving with a suspended license, we do not reach the State's argument that defendant is estopped from repudiating the terms of his negotiated guilty plea with the State.

For the reasons stated, we reverse the trial court's judgment and remand with directions to reinstate defendant's conviction for driving with a suspended license and proceed to

sentencing.

Reversed and remanded.

KNECHT and TURNER, JJ., concur.