# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Yaworski*, 2011 IL App (2d) 090785

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GLENN A. YAWORSKI, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-09-0785 |
| Rule 23 Order filed | September 12, 2011 |
| Rule 23 Order withdrawn | September 23, 2011 |
| Opinion filed | September 23, 2011 |
| Modified upon denial of rehearing | October 14, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for driving while under the influence of alcohol as enhanced to a Class 2 felony based on the fact that the DUI was a fourth or subsequent DUI committed while his license was revoked for a violation of section 11-501(a) of the Illinois Vehicle Code was affirmed and his conviction for driving while his license was revoked, which was vacated as a lesser included offense of his Class 2 felony DUI, was reinstated on the ground that it was not a lesser included offense, and the appellate court imposed a sentence of three years for the reinstated conviction to be served concurrently with the DUI sentence. |
| Decision Under Review | Appeal from the Circuit Court of De Kalb County, No. 05-CF-661; the Hon. Robbin J. Stuckert, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed as modified. |
| Counsel on Appeal | Thomas A. Lilien and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | Clay Campbell, State's Attorney, of Sycamore (Lawrence M. Bauer and Scott Jacobson, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | PRESIDING JUSTICE JORGENSEN delivered the judgment of the court, with opinion.<br>Justices Burke and Birkett concurred in the judgment and opinion. |

**OPINION**

¶ 1    Following a jury trial in the circuit court of De Kalb County, defendant, Glenn A. Yaworski, was found guilty of driving under the influence of alcohol (DUI) in violation of section 11-501(a)(2) of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501(a)(2) (West 2004)). Defendant was also found guilty of driving while his license was revoked (DWLR) (625 ILCS 5/6-303(a) (West 2004)). The trial court imposed a Class 2 felony sentence of 3½ years' imprisonment pursuant to section 11-501(c-1)(3) of the Code (625 ILCS 5/11-501(c-1)(3) (West 2004)) for the DUI conviction. As pertinent here, that provision makes a fourth or subsequent DUI a nonprobationable Class 2 felony if the offense occurred when the offender's driving privileges were suspended or revoked for a violation of section 11-501(a). The trial court concluded that DWLR was a lesser included offense of Class 2 felony DUI; accordingly, the trial court vacated the DWLR conviction. Defendant argues on appeal that the enhancement of the offense to a Class 2 felony was error because (1) there was no reliable evidence that he had the requisite number of DUI convictions and (2) although the State offered evidence that defendant's license was revoked at the time of the offense, there was no evidence concerning the basis for the revocation. The State maintains that the evidence was sufficient to sustain the enhancement of the offense but argues that the trial court erred in vacating the DWLR conviction. We affirm defendant's Class 2 felony DUI conviction. We reinstate defendant's conviction of DWLR and enter a sentence of three years' imprisonment for that offense, to be served concurrently with the sentence for DUI.

¶ 2    After the jury returned its verdict, the trial court ordered the preparation of a presentencing investigation report (PSI). According to the PSI, defendant had a lengthy criminal history that included 6 prior DUI convictions and 35 convictions of other offenses.

At defendant's sentencing hearing, the prosecutor acknowledged that a 2003 conviction for a DUI that occurred in Kane County had been reversed on appeal. The other five DUI convictions were for offenses that occurred between 1983 and 1989. According to the PSI, one DUI occurred in Cook County on April 14, 1989, and another occurred in McHenry County on October 30, 1989. The PSI lists dispositions of "revocation" on dates in August 2005. At the sentencing hearing, defense counsel stated that defendant claimed he had not been convicted of 24 of the offenses listed in the PSI, including the 1989 Cook County DUI. Defendant did not dispute the remaining four DUI convictions.

¶ 3        Both at trial and at sentencing, the State offered what it identified as "Exhibit 2." At both points, the prosecutor identified the exhibit as defendant's driving abstract. We note that the record on appeal contains two documents marked "People Exhibit #2." One is essentially a redacted certified copy of defendant's driving abstract. It consists of a single page stating, "Revocation was in effect on 10-30-2005." It does not list any traffic offenses committed by defendant or any actions taken with respect to his driving privileges. The other document marked "People's Exhibit #2" is defendant's complete certified driving abstract, detailing numerous convictions for traffic offenses. The only reasonable conclusion to be drawn from the presence of these two documents bearing the same exhibit number is that the redacted driving abstract was admitted at trial in order to prove the DWLR charge without improperly exposing the jury to inadmissible evidence of defendant's prior traffic convictions, whereas the complete abstract was admitted at the sentencing hearing, at which defendant's criminal history was a relevant factor in determining an appropriate penalty.

¶ 4        Defendant argues that the criminal history set forth in the PSI is unreliable. He notes that he specifically disputed the Cook County DUI for which his license was purportedly revoked in 2005. Defendant contends that, because the conviction was for an offense that occurred in 1989, "one has further reason to question the accuracy of that listing." Defendant notes that the McHenry County DUI that resulted in a disposition of revocation in 2005 was also based on an incident that occurred in 1989. According to defendant, "[t]he unlikelihood of DUI tickets languishing for 16 years before dispositions gives reason to doubt the accuracy of both listings specifically, and the rest of the listings in general." Defendant contends that the trial court's reliance on unreliable information violated his constitutional right to a fair sentencing hearing.

¶ 5        As the State notes, defendant did not raise this issue in his motion for reconsideration of his sentence. "Normally, any sentencing issues not raised in a motion to reconsider the sentence are forfeited." *In re Angelique E.*, 389 Ill. App. 3d 430, 432 (2009). Defendant seeks review under the plain-error rule, which permits a reviewing court to consider a forfeited issue where the evidence in a case is so closely balanced that the outcome may have resulted from the error and not the evidence (*People v. Herron*, 215 Ill. 2d 167, 178 (2005)), or where the error is so serious that the defendant was denied a substantial right, and thus a fair hearing (*id.* at 179). "The first step of plain-error review is determining whether any error occurred." *People v. Thompson*, 238 Ill. 2d 598, 613 (2010). Here, no error occurred.

¶ 6        In challenging the reliability of the PSI, defendant makes no mention of the full driving abstract that appears in the record on appeal and that we have concluded was admitted into evidence at sentencing. The driving abstract indicates that defendant was convicted of DUI

on five prior occasions corresponding to the DUI convictions set forth in the PSI, except for the 2003 conviction in the circuit court of Kane County that was reversed on appeal. A driving abstract is *prima facie* evidence of the facts set forth therein and may be admitted in a prosecution under the Code as proof of a prior conviction. 625 ILCS 5/2-123(g)(6) (West 2008).

¶ 7        Moreover, even if we were to agree with defendant that the recitation in the PSI and the driving abstract of the McHenry County and Cook County DUI convictions is somehow suspect, there is no reason to doubt the accuracy of those documents with respect to defendant's other three DUI convictions. Hence he has the requisite number of prior convictions to enhance this one–his fourth–to a Class 2 felony. Defendant did not dispute those convictions and there is nothing suspect about them from the face of the PSI or the driving abstract. If defendant did not commit those prior offenses, he was obliged to speak up at the sentencing hearing. Under the circumstances, defendant's belated challenge to the overall reliability of the PSI is insufficient to establish that the trial court committed reversible error. There can be no plain error unless a reversible error has occurred. *People v. Cosby*, 231 Ill. 2d 262, 273 (2008).

¶ 8        To enhance the offense to a Class 2 felony, the State was obligated to establish not merely that defendant had at least three prior DUI convictions, but also that the present offense occurred while his driving privileges were suspended or revoked for a violation of section 11-501(a). In this regard, defendant argues as follows:

   "[T]he only evidence the State presented regarding the status of [defendant's] driver's license at the time of the offense here was a certified driving abstract that states, in its entirety: 'REVOCATION WAS IN EFFECT ON 10-30-2005.' *** Without any evidence whatsoever on the cause of the revocation, the State failed to prove that his license was revoked on the date of the offense due to a prior violation of the DUI statute."

Defendant apparently refers to the redacted abstract discussed above. However, the full abstract plainly shows that on August 6, 2005, and again on August 12, 2005, defendant's license was revoked pursuant to section 6-205(a)(2) of the Code, which provides that, upon receipt of a report of a driver's DUI conviction, the Secretary of State shall immediately revoke the driver's license. 625 ILCS 5/6-205(a)(2) (West 2004). The abstract also indicates that the revocations remained in effect. Accordingly the argument is without merit.

¶ 9        We turn now to the State's argument that the trial court erred in vacating defendant's conviction of DWLR. That offense had been charged as a Class 4 felony–for which a prison term of one to three years is an authorized sentence (730 ILCS 5/5-8-1(a)(7) (West 2004))–on the basis that defendant's driving privileges had been revoked for DUI and he had been convicted of DWLR on three prior occasions. See 625 ILCS 5/6-303(d-3) (West 2004). Defendant moved to vacate the DWLR conviction pursuant to *People v. Miller*, 339 Ill. App. 3d 990 (2003), which held that DUI, when enhanced to a Class 4 felony because of the suspension of the defendant's license (see 625 ILCS 5/11-501(c-1)(1) (West 2000)), includes all of the elements of driving with a suspended license. The *Miller* court therefore concluded that driving with a suspended license was a lesser included offense of, and merged into, Class

4 felony DUI. The State offered no argument in response to the motion, although it easily could have objected based on our decision in *People v. DiPace*, 354 Ill. App. 3d 104, 117 (2004). In *DiPace* we held that *felony* DWLR (as charged in that case) was not a lesser included offense of felony DUI, because the former required proof of a prior DWLR conviction (see 625 ILCS 5/6-303(d) (West 2002)) whereas the latter did not. *DiPace*, 354 Ill. App. 3d at 114. We concluded that *Miller* was distinguishable because different offenses were involved. The same reasoning and the same distinction would have applied in this case.

¶ 10       During the pendency of this appeal, our supreme court decided *People v. Nunez*, 236 Ill. 2d 488 (2010), which held–contrary to *Miller*–that factors that merely enhance DUI from a misdemeanor to a felony are not elements of DUI for purposes of identifying lesser included offenses. In light of *Nunez*, *Miller* is no longer good law, and despite the State's inexplicable failure to cite *DiPace* or otherwise object during the proceedings below to the vacatur of the DWLR conviction, the State now contends that the trial court erred and that the conviction must be reinstated. In *People v. Scott*, 69 Ill. 2d 85 (1977), cited by the State, our supreme court held that, in an appeal by the defendant, the reviewing court may correct an erroneous trial court ruling that one offense merges into another and may remand for sentencing on the former offense so that a complete judgment will have been entered. Although in this case the State forfeited the issue by failing to raise it below (see, *e.g.*, *People v. Estrada*, 394 Ill. App. 3d 611, 626 (2009)), "it is well settled that forfeiture represents a limitation upon the parties and not courts of review" (*People v. Adams*, 404 Ill. App. 3d 405, 417 (2010)). Society has an interest in seeing convictions entered for offenders whose guilt has been proved beyond a reasonable doubt after a fair trial. We believe that, when that interest has been frustrated by the trial court's misapplication of the sometimes nebulous rules concerning merger of convictions, relaxation of the forfeiture doctrine is appropriate. We therefore reinstate defendant's conviction of DWLR. Rather than remanding the case for sentencing for DWLR, we choose to impose a sentence of three years' imprisonment for DWLR, to be served concurrently with the sentence for DUI.

¶ 11       For the foregoing reasons, we modify the judgment of the circuit court of De Kalb County by reinstating defendant's conviction of DWLR and sentencing defendant to three years' imprisonment, to be served concurrently with his sentence for DUI. In all other respects, the judgment of the circuit court of De Kalb County is affirmed. We award the State its fee of $50 pursuant to section 4-2002 of the Counties Code. 55 ILCS 5/4-2002(a) (West 2008).

¶ 12       Affirmed as modified.