NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220296-U

NO. 4-22-0296

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 2, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Logan County |
| GARY A. ENGLISH, | ) | No. 21CF155 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jonathan C. Wright, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*: Defendant's conviction and sentence for aggravated driving under the influence of alcohol was affirmed where sufficient evidence of defendant's prior convictions was introduced at sentencing and the trial court's sentence was not based on an improper sentencing factor.

¶ 2   Following a bench trial, defendant Gary English was found guilty of aggravated driving under the influence of alcohol (DUI) and sentenced to four years and six months in prison. On appeal, defendant contends that: (1) the State failed to prove him guilty beyond a reasonable doubt where it did not introduce evidence of his prior DUI convictions at trial; (2) the State provided inadequate proof of those DUI convictions during the sentencing hearing; and (3) the trial court considered an improper factor before imposing sentence. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4        The relevant facts of this case are not in dispute. Defendant was arrested and charged by information with multiple counts of aggravated DUI. Count 1 alleged that defendant violated subsection 11-501(a)(2) of the Illinois Vehicle Code (Code) in that, on or about July 10, 2021, defendant was in actual physical possession of a motor vehicle while under the influence of alcohol. 625 ILCS 5/11-501(a)(2) (West 2020). Count 1 further alleged that defendant's unlawful conduct constituted an aggravated offense, a Class 1 felony with heightened penalties, because it occurred when the alcohol concentration in defendant's blood was 0.16 or more and when he had four prior DUI convictions. *id.*, *id.* § 11-501(d)(2)(D) (West 2020).

¶ 5        The evidence presented at trial indicated that on July 10, 2021, police were called to a party that defendant attended but had been asked to leave. Police spoke to defendant and warned him not to drive home because he had been drinking. Defendant ultimately returned to his vehicle and was in the driver's seat with the vehicle's keys on the passenger seat when he was approached by police on suspicion of DUI. After declining to perform a field sobriety test, defendant was arrested and taken to the hospital for a blood and urine test. The parties stipulated that, if called as a witness, a forensic scientist with the Illinois State Police would testify that his analysis of defendant's blood sample indicated a blood alcohol concentration of 0.279. The trial court found defendant guilty of aggravated DUI as alleged in count 1 of the information.

¶ 6        At the sentencing hearing, defense counsel informed the court that he had received a copy of defendant's presentence investigation report (PSI), that he reviewed its contents with defendant twice, and that there were no substantive changes to be made to the information contained therein. The PSI indicated that defendant had four prior DUI convictions, none of which occurred in Illinois. The State urged the trial court to sentence defendant to seven years' imprisonment. The State pointed out that defendant's conviction was nonprobationable and carried

a minimum fine of $5000. In aggravation, the State argued that defendant's conduct threatened serious bodily harm and that a sentence above the minimum was necessary to deter others from similar conduct. The State also argued that defendant had an extensive criminal history, including prior convictions for DUI and driving on a suspended license. The State pointed out that most of defendant's other cases had ended in probation revocation due to a new offense being committed. The State noted that defendant pled guilty to a DUI in Iowa in 2013, and two days later, he was arrested for a DUI in Colorado. According to the State, the Colorado case was still open with an active warrant because defendant never appeared for sentencing. Defense counsel acknowledged that defendant's DUI conviction was nonprobationable and carried a sentencing range of 4 to 15 years' imprisonment based on defendant's four prior DUI convictions. In mitigation, however, defense counsel argued that the facts of the case showed that defendant had no intention of driving at the time of his arrest and that he was only sitting in his parked vehicle with the keys on the passenger seat. Defendant's conduct therefore did not threaten serious bodily harm. Counsel asked the court to impose the minimum of four years' imprisonment.

¶ 7 In announcing its sentencing decision, the trial court stated that it had considered the evidence presented at trial and sentencing, defendant's PSI, defendant's history, character, and attitude, the circumstances of the offense, and the statutory factors in aggravation and mitigation. The court did not consider the threat of serious harm to be an aggravating factor, and it considered the circumstances of the offense as a mitigating factor. The court explained that defendant went to a friend's house on the night in question intending to stay the night but was later asked to leave. According to the court, the police at that point had the opportunity to take "a community caretaking role," but instead chose to "follow [defendant] around town until he circled back to his vehicle." The police arrested defendant while he was in the vehicle, and the keys were on the passenger seat

at that time. The court explained that this was therefore not a case where an individual went to a bar, drank alcohol, and then decided to drive home. The court noted that defendant had a "minimal criminal history," comprised of misdemeanors and traffic violations and no felony convictions. The court stated that it was not considering the prior DUI convictions as aggravating factors because that would be an improper double enhancement. However, the court stated that there was "other criminal history there" and that "[defendant] does show a history of not complying when he has been given community-based sentences, and he does have other outstanding detainers and pending charges that are unresolved for a significant period of time, so the Court does consider that aspect as an aggravating factor." Finally, the court stated that as it reviewed the PSI, it noted that:

> "we're going from an individual who has had a most significant sentence of 60 days in jail to the State's recommendation of up to seven years, although it could be up to fifteen years, so the Court does consider that as a factor in this case for the reasons I've stated, both aggravating and mitigating."

¶ 8      The trial court sentenced defendant to four years and six months in prison. The trial court subsequently denied defendant's motion to reconsider his sentence.

¶ 9      This appeal followed.

¶ 10                      II. ANALYSIS

¶ 11      On appeal, defendant contends that the State failed to prove him guilty of aggravated DUI beyond a reasonable doubt. Defendant does not contest that he was in physical control of a motor vehicle while he was under the influence of alcohol, nor does he dispute the validity of his four prior DUI convictions. Instead, defendant claims that the State was required to prove the existence of the prior DUI convictions at trial beyond a reasonable doubt. Defendant

- 4 -

asserts that the State failed to do so, and that his conviction should therefore be reduced to a Class A misdemeanor.

¶ 12        Although defendant frames his contention as a challenge to the sufficiency of the evidence, his argument actually rests on an issue of statutory construction: whether defendant's prior DUI convictions were essential elements of aggravated DUI such that the State was required to prove them at trial beyond a reasonable doubt. This is a question of law, and our review is therefore *de novo*. *People v. Molnar*, 222 Ill. 2d 495, 508 (2006).

¶ 13        Defendant was convicted of aggravated DUI under sections 11-501(a)(2) and 11-501(d)(2)(D) of the Code. See 625 ILCS 5/11-501(a)(2), (d)(2)(D) (West 2020). Section 11-501 is entitled "[d]riving while under the influence of alcohol, other drug or drugs, intoxicating compound or compounds or any combination thereof." *Id.* § 11-501. Section 11-501(a) "defines the offense of DUI" and sets forth various ways that a person can violate section 11-501. *People ex rel. Glasgow v. Carlson*, 2016 IL 120544, ¶ 18; 625 ILCS 11/501(a)(1)-(7) (West 2020). As relevant to this case, section 11-501(a)(2) prohibits an individual from driving or physically controlling a vehicle while under the influence of alcohol. *Id.* § 11-501(a)(2). Section 11-501(c) sets forth the sentencing classification and certain penalties for a violation of subsection (a). See *id.* § 11-501(c)(1)-(5). A first violation is generally a Class A misdemeanor, with increasing penalties based on factors that are not relevant to this case. See *id.*

¶ 14        Section 11-501(d) is entitled "[a]ggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof." *Id.* § 11-501(d). Section 11-501(d)(1)(A) provides that a person is guilty of aggravated DUI if that person commits a DUI offense "for the third or subsequent time." *Id.* § 11-501(d)(1)(A). Section 11-501(d)(2) provides the sentencing parameters and felony classes for aggravated DUI. See *id.*

§ 11-501(d)(2). Section 11-501(d)(2)(A) provides that the baseline felony class for aggravated DUI is Class 4, and the next nine subsections set out factors that can elevate aggravated DUI to a higher felony classification and with greater penalties. *Id.* § 11-501(d)(2)(A)-(J). As relevant to this case, section 11-501(d)(2)(D) states that "[a] fifth violation of this Section or a similar provision is a Class 1 felony." *Id.* § 11-501(d)(2)(D).

¶ 15        In interpreting section 11-501, the supreme court has held that there is only one offense of DUI, and its elements are contained in subsection (a). *People v. Van Schoyck*, 232 Ill. 2d 330, 337 (2009). The enhancing factors and sentencing parameters contained in subsections (c) and (d) do not create a new offense, but merely enhance the sentencing classification and punishment for a violation of subsection (a). *Id.*; *People v. Martin*, 2011 IL 109102, ¶ 24 ("[A]ggravated DUI is simply misdemeanor DUI with an aggravating factor, which turns the offense into a felony."); *People v. Quigley*, 183 Ill. 2d 1, 10 (1998) ("[A]ggravated DUI occurs when an individual commits some form of misdemeanor DUI, in violation of paragraph (a), and other circumstances are present. *** The essential and underlying criminal act, however, remains the same: driving while under the influence."). Based on these principles, our supreme court has observed that "[s]ection 11-501 therefore operates just as any other statute which initially sets forth the elements of the offense, and then, in a separate section, provides sentencing classifications based on other factors." *Van Schoyck*, 232 Ill. 2d at 337.

¶ 16        In *People v. May*, 2021 IL App (4th) 190893, we applied these principles in considering essentially the same claim that defendant makes in this case. There, the defendant challenged his aggravated DUI conviction on the basis that the State did not present any evidence at trial establishing his two prior DUI convictions. *Id.* ¶ 22; see also 625 ILCS 5/11-501(d)(2)(B) (West 2020) (stating that a third violation of section 11-501 is a Class 2 felony). We reviewed the

statute in its entirety and explained that section 11-501(a) sets forth the elements of the offense of DUI, and that section 11-501(c) sets forth "the sentencing classification and certain penalties for a violation of section 11-501." *May*, 2021 IL App (4th) 190893, ¶ 31 (citing 625 ILCS 5/11-501(a), (c) (West 2020)). Finally, we explained that section 11-501(d) "sets forth sentencing enhancement factors, which, if proven, will result in an aggravated offense and an elevated sentencing classification and heightened penalties." *Id.* § 32 (citing 625 ILCS 5/11-501(d) (West 2020)). Reading these sections together, we held that "the existence of prior DUI violations *** at the time of the charged DUI were not essential elements of the charged offense[ ] that the State was required to prove at trial but rather sentencing enhancement factors." *Id.*

¶ 17 Our interpretation of section 11-501 in *May* was supported by a line of appellate court cases recognizing that the existence of prior DUI violations was not an element of aggravated DUI the State was required to prove at trial. See *id.* ¶ 34; *People v. Harris*, 2015 IL App (4th) 140696, ¶ 41 (stating prior DUI convictions do not constitute an element of aggravated DUI); *People v. Lush*, 372 Ill. App. 3d 629, 635 (2007) ("[P]rior DUI convictions do not constitute an element of an aggravated DUI charge."); *People v. Thompson*, 328 IL App (3d) 360, 364 (2002) ("[T]he prior convictions are not elements of the [aggravated DUI] offense ***." (Emphasis omitted.)); *People v. Robinson*, 368 Ill. App. 3d 963, 977 (2006) ("Prior DUI violations are not an element of an aggravated DUI charge."). Our conclusion in *May* was also consistent with section 111-3(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2020)), which provides that, "[w]hen the State seeks an enhanced sentence because of a prior conviction," "the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense."

¶ 18          After interpreting the statute in this manner, we further observed in *May* that although the sentencing enhancement factors in subsection (d) were not elements of aggravated DUI that had to be proven at trial, the State was still required to prove the existence of those relevant factors at sentencing. See *May*, 2021 IL App (4th) 190893, ¶ 33 ("[D]ue process requires all facts necessary to establish the statutory sentencing range within which the defendant's sentence falls must be proven beyond a reasonable doubt."). We noted that normally, evidence of a sentencing enhancement factor should be presented to the trier of fact. However, where a sentencing enhancement factor is based on a prior conviction, the evidence must be presented to the trial court during sentencing for a determination of the factor's existence. *Id.*; *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." (Emphasis added.)); 725 ILCS 5/111-3(c-5) (West 2020) ("[I]f an alleged fact (other than the fact of a prior conviction) is not an element of an offense but is sought to be used to increase the range of penalties for the offense beyond the statutory maximum that could otherwise be imposed for the offense, the alleged fact must be included in the charging instrument or otherwise provided to the defendant through a written notification before trial, submitted to a trier of fact as an aggravating factor, and proved beyond a reasonable doubt ***."); see also *People v. Owens*, 2016 IL App (4th) 140090, ¶ 39 (finding a license revocation based on a DUI is the functional equivalent of a prior conviction, which need not be proven to the jury but instead is reserved for sentencing); *People v. DiPace*, 354 Ill. App. 3d 104, 114-15 (2004) (finding that predicate offenses are used after a conviction to increase the classification of the offense at sentencing).

¶ 19    The conclusion reached in *May* is equally applicable here. The difference between the two cases is not substantive, as it only involves the number of prior DUI convictions at issue. Here, defendant was charged with felony DUI in that he violated section 11-501(a) of the Code or a similar provision for a fifth time. Pursuant to section (a)(2), the State was required to prove that defendant was driving or in physical control of a vehicle and he was under the influence of alcohol at the time. 625 ILCS5/11-501(a)(2) (West 2020). Defendant's four prior DUI convictions were not elements of the offense; they were statutory aggravating factors that raised the offense to aggravated DUI and increased the sentencing classification to a Class 1 felony. Therefore, because the prior DUI convictions were not elements of the offense, the State was not required to prove them at trial beyond a reasonable doubt.

¶ 20    Defendant nevertheless argues that our interpretation of section 11-501 is incorrect in light of several Illinois Supreme Court decisions. See *People v. Zimmerman*, 239 Ill. 2d 491 (2010); *Martin*, 2011 IL 109102; *Carlson,* 2016 IL 120544. Based on these cases, defendant claims that the "aggravated battery statute" is split into two sections. The first is section 11-501(d)(1) and it lists the "elements of the offense of aggravated DUI," which must be proven at trial beyond a reasonable doubt. The second is section 11-501(d)(2), and it contains the corresponding penalties for the offense of aggravated DUI. Defendant asserts that he was convicted of aggravated DUI under subsection (d)(1)(A) based on having three or more prior DUI convictions and that the corresponding sentence classification, a Class 1 felony, is found in section 11-501(d)(2)(D). Therefore, because the three or more prior DUI convictions set forth in section 11-501(d)(1)(A) are elements of the offense of aggravated DUI, the State was required to prove those prior DUIs at trial.

¶ 21    We initially note that the defendant in *May* relied upon the same cases in urging the court to find that the prior DUI convictions were elements of the offense. See *May*, 2021 IL App (4th) 190893, ¶¶ 35-38. We found that these cases did not compel a different result in *May*, and we reach the same conclusion in this case.

¶ 22    Defendant's argument is premised on there being a separate aggravated DUI statute that lists elements of that offense that the State is required to prove in addition to the elements of misdemeanor DUI. However, this is contrary to our supreme court's repeated teachings that there is only one offense of driving under the influence and that its elements are listed in subsection (a) of section 11-501. See *Van Schoyck*, 232 Ill. 2d at 337. There is no separate offense of aggravated DUI; "aggravated DUI is simply misdemeanor DUI with an aggravating factor." *Martin*, 2011 IL 109102, ¶ 24. Therefore, the three or more DUI convictions listed in section 11-501(d)(1)(A) are not additional elements that the State must prove at trial. Moreover, neither party addresses the fact that defendant was not charged with or convicted of aggravated DUI under subsection (d)(1)(A). The relevant count of the information charged defendant with aggravated DUI under sections 11-501(a)(2) and (d)(2)(D). The order entering the judgment of conviction indicates a finding of guilty on that count, and the sentencing order reflects a sentence imposed on that count under sections 11-501(a)(2) and (d)(2)(D).

¶ 23    The cases that defendant relies upon do not stand for the proposition he suggests. In *Zimmerman*, the supreme court held that a prior adjudication of delinquency was an element of the offense of aggravated unlawful use of a weapon (AAUW). *Zimmerman*, 239 Ill. 2d at 500. As we noted in *May*, the statute construed in *Zimmerman* "is not structurally similar to section 11-501" because AAUW is an offense "separate and distinct from the offense of unlawful use of a weapon." *May*, 2021 IL App (4th) 190893, ¶ 35 (citing *Zimmerman*, 239 Il. 2d at 500). On the

other hand, aggravated DUI is not a separate or distinct offense from misdemeanor DUI. See *id.* (citing *Quigley*, 183 Ill. 2d at 10).

¶ 24 Next, to the extent that our supreme court's decision in *Martin* is relevant to this case, it is consistent with our interpretation of the DUI statute. The court in *Martin* was concerned with what type of proof was necessary to satisfy the proximate cause requirement of section 11-501(d)(1)(F), which states that:

> "Every person convicted of committing a violation of this Section shall be guilty of aggravated driving under the influence *** if *** the person, in committing a violation of subsection (a), was involved in a motor vehicle *** accident that resulted in the death of another person, when violation of subsection (a) was a proximate cause of the death." 625 ILCS 5/11-501(d)(1)(F) (West 2020).

The supreme court found that when an aggravated DUI charge is based on a violation of section 11-501(a)(1), "section 11-501(d)(1)(F) requires a causal link only between the physical act of driving and another person's death." *Martin*, 2011 IL 109102, ¶ 26. The holding in *Martin* is clearly inapplicable here.

¶ 25 Defendant appears to suggest that because the State was required to prove proximate cause in *Martin*, it follows that the factors listed in subsection (d)(1), including the three or more prior DUI convictions listed in subsection (d)(1)(A), are all essential elements that must be proved to the trier of fact. This assertion is contrary to the law. Section 501(d)(1)(F) imposes the additional requirement that the violation was the proximate cause of another person's death. See 625 ILCS 5/11-501(d)(1)(F) (West 2020). This is an additional fact that must be proved and, more importantly, it is an additional fact "[o]ther than the fact of a prior conviction," which must

therefore be proven to the trier of fact beyond a reasonable doubt at trial. See *Apprendi*, 530 U.S. at 490; *May*, 2021 IL App (4th) 190893, ¶ 33. There is no such additional fact other than the fact of a prior conviction that the State was required to prove in this case, and therefore defendant's argument is without merit.

¶ 26　　　　Finally, defendant claims that our interpretation of the statute is inconsistent with our supreme court's statement in *Carlson* that "[t]he sentencing parameters for aggravated DUI, including the applicable felony classes, are contained in subsection (d)(2) of section 11-501." See *Carlson*, 2016 IL 120544, ¶ 20. Defendant overstates the significance of this statement. The court in *Carlson* did not hold that the factors listed in section 11-501(d)(1) are additional elements of aggravated DUI, as that question was not before it. We decline to interpret this statement as imposing an additional substantive requirement of proving the prior DUI convictions at trial rather than sentencing.

¶ 27　　　　Defendant next contends that even if his prior DUI convictions could be proven at the sentencing hearing, rather than at trial, the State failed to do so here because it did not present a certified copy of those convictions or a driving abstract listing them.

¶ 28　　　　We find that defendant has forfeited this issue because he did not object to the use of his PSI at the sentencing hearing, and he also did not include the issue in his motion to reconsider sentence. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (holding that to preserve an issue for appellate review, a defendant must both object to the issue at trial or sentencing and include it in a written posttrial motion). Defendant acknowledges his failure to preserve this issue but asks that we review it for plain error. Under the plain-error doctrine, reviewing courts may address an unpreserved sentencing issue when (1) the evidence at the sentencing hearing was closely balanced or (2) an error is so serious that the defendant was denied a fair sentencing hearing. *People v.*

*Hillier*, 237 Ill. 2d 539, 545 (2010). Under either prong of the plain-error doctrine, the burden of persuasion remains with the defendant. *Id*. A reviewing court conducting a plain-error analysis must first determine whether an error occurred. *People v. Herron*, 215 Ill. 2d 167, 187 (2005).

¶ 29        We find no error in this case. It is undisputed that defendant's prior DUI convictions were not listed on his driving abstract. It is also undisputed, however, that those prior convictions were reflected in defendant's PSI.

¶ 30        In *Shepard v. United States*, 544 U.S. 13, 21-23 (2005), the Court rejected the proposition that a sentencing court could extend a 'defendant's sentence based on prior convictions by "going beyond conclusive records made or used in adjudicating guilt and looking to documents submitted to lower courts even prior to charges" such as police reports and applications for complaints. Instead, a sentencing court imposing an extended sentence may evaluate a prior conviction based on documents with "the conclusive significance of a prior judicial record" (*id*. at 25 (opinion of Souter, J., joined by Stevens, Scalia, and Ginsburg, JJ.)), such as charging documents, statutory definitions, written plea agreements, plea hearing transcripts, jury instructions, express factual findings from a bench trial, or "some comparable judicial record of this information." *Id*. at 26 (majority opinion).

¶ 31        Our supreme court has held that a PSI is a reliable source for purposes of inquiring into a defendant's criminal history. *People v. Williams*, 149 Ill. 2d 467, 491 (1992); *People v. Jones*, 2016 IL 119391, ¶¶ 37, 39-40; *People v. Youngbey*, 82 Ill. 2d 556, 564 (1980) (observing that the purpose of a PSI is to collect all the necessary information for the trial court before sentence is imposed). Therefore, a sentencing court does not violate *Shepard* when it relies upon information in a PSI to extend or enhance a sentence. *Jones*, 2016 IL 119391, ¶ 40 Our supreme court reasoned that *Shepard* was concerned with a sentencing court making a finding *about* a

conviction, as opposed to a finding regarding the existence of the conviction itself. *Id*. Moreover, a PSI is compiled pursuant to statutory guidelines which require the PSI to include the defendant's criminal history. *Id.* ¶ 37; 730 ILCS 5/5-3-2(a)(1) (West 2020). In fact, a defendant cannot be sentenced for a felony before a PSI is presented to and considered by the sentencing court. See *id.* § 5-3-1. As our supreme court has stated:

> "[A] PSI is of a markedly different character than a police report or complaint application, with which the Court in *Shepard* was concerned. As noted above, a PSI, with its statutorily mandated requirements, is generally viewed as a reliable source of a defendant's criminal history. *Jones*, 2016 IL 19391, ¶ 40.

¶ 32 This and other appellate courts in Illinois have relied upon *Williams* and *Jones* to similarly find that a sentencing court properly relied upon the criminal history in a PSI to extend or enhance a defendant's sentence. See, *e.g.*, *People v. Gully*, 2020 IL App (1st) 180275, ¶¶ 29-32; *Owens*, 2016 IL App (4th) 140090, ¶¶ 41-43; *DiPace*, 354 Ill. App. 3d at 115 (holding a court may properly consider a PSI to determine a defendant's criminal record, as "such a report is a reliable source for the purpose of inquiring into a defendant's criminal history"); *People v. Yaworski*, 2011 IL App (2d) 090785, ¶¶ 7-8.

¶ 33 We reach the same conclusion in this case. Defendant's four prior DUI convictions were listed in his PSI, and the trial court considered the PSI before imposing sentence. Defendant does not dispute the validity of those convictions in this court. For these reasons, we find no error in the court relying upon the PSI to establish defendant's four prior DUI convictions and impose an enhanced sentence.

¶ 34     Defendant nevertheless argues that even if a PSI is generally sufficient for a trial court to extend a sentence, the DUI statute requires a certified copy of defendant's driving abstract. Defendant relies upon section 11-501(h), which states that, "[f]or any prosecution under this Section, a certified copy of the driving abstract shall be admitted as proof of any prior conviction." 625 ILCS 5/11-501(h) (West 2020).

¶ 35     Defendant cites no authority for the proposition that this section requires a driving abstract at the exclusion of any other source of proof before the trial court can impose an enhanced DUI sentence. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (stating argument must contain the contentions of the appellant, the reasons therefor, and the citation of authorities; points not argued in an opening brief are forfeited and shall not be raised in the reply brief, in oral argument, or in a petition for a rehearing). *Gully*, cited by defendant, supports our holding because the court recognized that, "[a]s to the matter of proof, our supreme court held in *Jones* that a PSI is a valid and generally reliable basis, not violative of *Shepard*, for a sentencing court to find an enhanced or extended sentence." *Gully*, 2020 IL App (1st) 180275, ¶ 32 (citing *Jones*, 2016 IL 119391, ¶ 40). The court in *Gully* had a PSI and a driver's abstract, and thus the court also stated, "'[w]e find this is even more true for a driver's license abstract from the Secretary [of State], which the trial court here relied upon in finding the instant offense to be a Class 1 felony." *Id.* ¶ 32. This statement does not suggest or hold an abstract is required or that a PSI is insufficient to establish a defendant's criminal history. Our supreme court has rejected the type of formalistic rule that defendant suggests:

> " '[A]n inflexible rule requiring formal proof of earlier court records only
> by authenticated or certified copies of those records and proof of identity
> [is] incompatible with considerations of judicial economy and efficiency

- 15 -

essential to the disposition of present-day caseloads. Nor do such procedures provide any necessary or useful safeguards to the defendants in cases such as this where the fact that the prior conviction had occurred has never been denied.' " *Williams*, 149 Ill. 2d at 492-93 (quoting *People v. Davis*, 65 Ill. 2d 157, 164 (1976)).

¶ 36 Moreover, section 11-501(h) explicitly speaks to the *admissibility* of a driving abstract and does not impose a substantive requirement that it *must* be offered to establish a defendant's criminal history. Facts may be proven in different ways, not the least of which is by stipulation—especially in a case such as this one, where the issue is whether an easily proved conviction actually occurred. We see no basis to interpret section 11-501(h) to require the admission of a driving abstract when driving history is proven by different means, including the admission of a PSI without objection.

¶ 37 For these reasons, we find no error in the use of defendant's PSI to establish his prior DUI convictions. Accordingly, there is no plain error.

¶ 38 In a final attempt to save his contention from procedural default, defendant claims that his trial counsel was ineffective for not raising the issue during sentencing or including it in the motion to reconsider sentence. To prevail on such a claim, defendant must establish that counsel's performance was deficient and that the deficient performance prejudiced defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, because we have found no error in the use of defendant's PSI to establish his prior DUI convictions, defendant cannot show that he was prejudiced by counsel's decision not to raise the issue. Therefore, defendant's claim of ineffective assistance of counsel has no merit. See *People v. Wiley*, 205 Ill. 2d 212, 230-31 (2001) ("Courts, however, may resolve ineffectiveness claims under the two-part *Strickland* test by reaching only

the prejudice component, for lack of prejudice renders irrelevant the issue of counsel's performance.").

¶ 39          In reaching this conclusion, we note the inconsistency between the position that defendant took in the trial court and the position he takes in this appeal. At the start of the sentencing hearing, defense counsel told the court that he had reviewed the PSI with defendant twice and that there was no substantive change to the information contained therein. Defendant was present in court and made no objection. Moreover, counsel's strategy at trial and sentencing was to focus on the fact that defendant was not driving his vehicle at the time he was arrested and that his car keys were on the vehicle's passenger seat. Counsel focused on these facts at trial to argue that defendant was not in actual physical control of the vehicle, and counsel again focused on them at sentencing to argue in mitigation. Counsel's strategy appears entirely reasonable given that defendant has never contested the existence of his prior DUI convictions. Had defendant voiced his concerns in the trial court, defense counsel could have altered his strategy or raised an objection, and the State would have had the opportunity to perhaps prove defendant's prior DUIs by other means. Instead, defendant allowed the State and his counsel to proceed as they did, and it is only now that defendant assigns error to those actions. See *Yaworski*, 2011 IL App (2d) 090785, ¶ 7 ("Defendant did not dispute those [prior DUI] convictions and there is nothing suspect about them from the face of the PSI or the driving abstract. If defendant did not commit those prior offenses, he was obligated to speak up at the sentencing hearing."); *Jones*, 2016 IL 119391, ¶ 38 ("Had defendant continued to believe he did not have a prior adjudication for residential burglary, he certainly knew how to inform defense counsel and the court as to the alleged inaccuracy of the PSI ***.").

¶ 40        Defendant's final contention is that the trial court relied upon an improper factor when determining the sentence to impose. Defendant specifically claims that the court relied upon a pending DUI charge in Colorado as an aggravating factor during sentencing, even though the State did not present any evidence regarding this pending charge. Defendant relies upon the following statement made by the court when announcing defendant's sentence:

> "[Defendant] does show a history of not complying when he has been given community-based sentences, and he does have other outstanding detainers and pending charges that are unresolved for a significant period of time, so the Court does consider that aspect as an aggravating factor."

¶ 41        We find that defendant has forfeited this issue because he made no objection during the sentencing hearing and he did not raise the issue in his motion to reconsider sentence. See *Enoch*, 122 Ill. 2d at 186. Defendant again asks that we review the issue for plain error.

¶ 42        There is a strong presumption that the trial court based its sentencing determination on proper legal reasoning, and thus we review the trial court's sentencing decision with deference. *People v. Bowman*, 357 Ill. App. 3d 290, 303-04 (2005). However, whether the trial court relied upon an improper factor at sentencing is a question of law reviewed *de novo*. *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 65.

¶ 43        "The trial court may not rely on bare arrests or pending charges in aggravation of a sentence." *People v. Minter*, 2015 IL App (1st) 120958, ¶ 148. "A mere list of arrests or charges in a presentence report, unsupported by live testimony or other evidence at the sentencing hearing, does not meet those standards." *Id*. When determining whether the trial court relied upon an improper factor in aggravation, we must evaluate the record as a whole, rather than focusing on isolated statements made by the court. *People v. Dowding*, 388 Ill. App. 3d 936, 943 (2009). "An

isolated remark made in passing, even though improper, does not necessarily require that defendant be resentenced." *People v. Fort*, 229 Ill. App. 3d 336, 340 (1992). "To be entitled to a remand for resentencing, a defendant who has alleged error must show more than the mere mentioning of the improper factor in aggravation: the defendant bears the burden of showing that the trial judge relied upon the improper factor in fashioning the defendant's sentence." *People v. Brown*, 2019 IL App (5th) 160329, ¶ 18.

¶ 44       When the trial court's comments are viewed in their entirety, it does not appear that the court improperly considered the *offense* reflected in the Colorado case. Immediately prior to this statement, the court noted that it legally could not consider defendant's prior DUIs in aggravation. Instead, the court was clearly concerned with defendant's history of noncompliance with court proceedings, not his guilt with respect to other charges. The PSI reflects in detail the numerous times defendant was placed on probation but was subsequently convicted of another offense while on probation. Along these same lines, the court was concerned with defendant's failure to appear for sentencing in the Colorado case and more broadly with warrants being issued for defendant's arrest for probation violations. Defendant cites no authority for the proposition that consideration of these warrants was improper. See *People v. Reed*, 376 Ill. App. 3d 121, 128 (2007) (stating a court "may inquire into a defendant's general moral character, habits, social environment, abnormal tendencies, age, natural inclination, or aversion to commit crime, and stimuli motivating his conduct, in addition to his family life, occupation, and criminal record.").

¶ 45       Even if the trial court improperly considered a pending charge in aggravation, remand is not required in this case. Remand is not required where it appears from the record that the court placed such insignificant weight on the improper factor that we can conclude that the factor did not result in a harsher sentence. *Dowding*, 388 Ill. App. 3d at 945. "Courts of review

have found the following considerations to be helpful in determining whether trial courts have afforded significant weight to improper factors such that remand would be required: (1) whether the trial court made any dismissive or emphatic comments in reciting its consideration of the improper factor; and (2) whether the sentence received was substantially less than the maximum sentence permissible by statute." *Id*.

¶ 46   In this case, the trial court did not make any emphatic reference to the Colorado case. It made one isolated reference in context of explaining that defendant's criminal history was for minor offenses and therefore was not a factor the court considered in aggravation. The court's comments in their entirety also show it considered the circumstances of the offense to be mitigating. Moreover, defendant received a sentence near the statutory minimum. The sentencing range for defendant's conviction was 4 to 15 years' imprisonment. The court rejected the State's recommendation of a seven-year sentence and instead imposed a four-and-a-half-year sentence, which is only six months longer than the statutory minimum. Based on the record before us, we determine that any weight the court may have placed on a pending charge was "so insignificant [that] it resulted in no increase in the defendant's sentence." *People v. Whitney*, 297 Ill. App. 3d 965, 971 (1998). Therefore, a remand for a new sentencing hearing is not required. Because defendant was not prejudiced by any consideration of a pending charge, he cannot show that plain error occurred, and we find the issue forfeited.

¶ 47         III. CONCLUSION

¶ 48   For the reasons stated, we affirm the trial court's judgment.

¶ 49   Affirmed.